25203. RUSSELL v. THE STATE.

UNDERCOFLER, Justice. Enumerations of error are required to be filed separately from the brief. *Code Ann.* § 6-810 (Ga. L. 1965, pp. 18, 29, as amended by Ga. L. 1965, pp. 240, 243, and 1968, pp. 1072, 1077). Incorporation of the enumerations of error in the brief fails to comply with this rule and presents nothing for review by this court. *Windsor v. Southeastern Adjusters, Inc.,* 221 Ga. 329 (144 SE2d 739); *Cagle v. P. M. C. Development Co.,* 224 Ga. 515 (162 SE2d 723).

*Appeal dismissed. All the Justices concur, except Mobley and Grice, JJ., who dissent.*

SUBMITTED MAY 13, 1969—DECIDED JUNE 16, 1969.

*William S. Cain*, for appellant.

*W. B. Skipworth, District Attorney, Frank K. Martin, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans*, for appellee.

MOBLEY, Justice, dissenting. Neither the Appellate Practice Act nor the rules of this court requires the enumeration of errors to be filed separately from the brief. Ga. L. 1965, pp. 18, 29, as amended by Ga. L. 1968, pp. 1072, 1077 (*Code Ann.* § 6-810), relied upon by the majority, provides in Section 14 that "The appellate court, by rule, may permit such enumeration to be made a part of the brief." This court has not adopted such a rule, but neither has it adopted one prohibiting this.

The cases cited in the majority opinion do not require a ruling that the enumeration of errors must be filed separately from the brief. *Windsor v. Southeastern Adjusters, Inc.*, 221 Ga. 329, supra, is wholly different from this case. There, no enumeration of errors was filed, either as a part of the brief, or separately. Counsel admitted in his supplemental brief that an enumeration of error was separately prepared, but through inadvertence, or for other reason, was never filed. The appeal in the other case, *Cagle v. P. M. C. Development Co.*, 224 Ga. 515, supra, cited in support of its ruling by the court, was properly dismissed, as nothing which could be considered an enumeration of errors was filed.

Furthermore, while the appellant did file a document containing two divisions, one entitled "Enumeration of errors," in which enumerations of error were set out, and the other entitled "Brief of defendant," in which he argued his case, he also filed a separate and distinct brief which would in my opinion comply with the requirement asserted by the majority that the enumeration of errors must be filed separately from the brief.

I am authorized to state that Justice Grice concurs in this dissent.