22542

Thomas G. BECKHAM, Respondent v. The SUN NEWS and The Sun Publishing Company, Appellants.

(344 S. E. (2d) 603)

Supreme Court

*John B. McCutcheon, of McCutcheon, McCutcheon & Baxter,* Conway, *William L. Pope* and *Patricia B. Kinard, Robinson, McFadden, Moore, Pope, Williams, Taylor & Brailsford,* Columbia, *for appellants.*

*John M. Leiter, Ronald K. Lawn, of Lawn & Leiter,* Myrtle Beach, *Carroll D. Padgett, Jr.,* Loris, *Kenneth A. Richstad* and *Ronald M. Childress, of Childress & Richstad,* Columbia, *for respondent.*

Heard March 24, 1986.

Decided May 5, 1986.

Ness, Chief Justice:

The Sun News appeals a jury verdict against it in a libel action brought by respondent Beckham. We reverse.

Beckham was an undercover police officer with the Horry County Police Department. He and his supervisor Mike Foreman participated in a stake-out at a location where marijuana was believed to be stored. In order to obtain a search warrant, both men executed affidavits detailing facts which Beckham later said were false. At a subsequent preliminary hearing, Foreman gave false testimony, but Beckham refused to testify. Beckham immediately advised his superiors of Foreman's false testimony and of the apparent falsehoods in the affidavits. Both men were fired from the

police department. The solicitor and police chief held a news conference and issued a press release stating Foreman had given false testimony at the preliminary hearing. The news release stated Beckham was an "active participant" in the furnishing of false information.

The Sun News published an article which stated that Beckham and Foreman had testified falsely at the preliminary hearing. Beckham brought this action for libel, and a jury awarded him $1 million actual damages and $2.5 million punitive damages. Upon motion of the Sun News, the trial judge reduced the punitive damage award to $1 million. This appeal followed.

The Sun News asserts the trial judge erred in charging the jury that truth is a defense as to which the defendant in a libel action has the burden of proof. It argues that in cases involving public officials and public figures, the plaintiff must prove falsity as an element of his case, and there is no burden on the defendant to prove truth.

We have held that a defamatory statement is presumed to be false. *Pierce v. Inter-Ocean Casualty Company*, 148 S. C. 8, 145 S. E. 541 (1926). Indeed, we have found reversible error where the jury was instructed the plaintiff had the burden of proving falsity. *Herring v. Lawrence Warehouse Company*, 222 S. C. 226, 72 S. E. (2d) 453 (1952). Truth has been an affirmative defense as to which the defendant has the burden of pleading and proof. *Ross v. Columbia Newspapers, Inc.*, 266 S. C. 75, 221 S. E. (2d) 770 (1976).

However, in libel actions brought by public officials and public figures the traditional burdens of proof are necessarily altered by the constitutional protections afforded the press. When a libel action is brought by a public official or public figure, the constitutional guarantees of freedom of speech and press require the plaintiff to establish the defamatory falsehood was made with actual malice, i.e., with knowledge of falsity or reckless disregard of whether it was false or not. *Scott v. McCain*, 272 S. C. 198, 250 S. E. (2d) 118 (1978). We have not before been called upon to determine whether this heightened burden of proof in cases involving public officials and public figures requires an affirmative showing by the plaintiff that the defamatory statement was false. We hold that it does.

The United States Supreme Court has held that a defamed public official or public figure must prove the falsity of the allegedly libelous publication. *Cox Broadcasting Corporation v. Cohn*, 420 U. S. 469, 95 S. Ct. 1029, 43 L. Ed. (2d) 328 (1975).[1] This requirement follows necessarily from the actual malice standard. Before knowing falsity or reckless disregard for truth can be established, the plaintiff must establish the statement was, in fact, false. *Bee Publications, Inc. v. Cheektowaga Times, Inc.*, 107 A. D. (2d) 382, 485 N. Y. S. (2d) 885 (4th Dept. 1985). See also, *News Publishing Company v. DeBerry*, 171 Ga. App. 787, 321 S. E. (2d) 112 (1984). Since the public official or public figure plaintiff has the burden of proving falsity, it is error to instruct the jury that the defendant has the burden of establishing truth. *Colson v. Stieg*, 89 Ill. (2d) 205, 60 Ill. Dec. 449, 433 N. E. (2d) 246 (1982). See also, *Nash v. Keene Publishing Corp.*, 498 A. (2d) 348 (N. H. 1985).

In the present case, the trial judge properly charged the jury that the plaintiff had the burden of proving falsity. However, he also charged the jury that truth was a defense as to which the defendant had the burden of proof. We agree with the Sun News that this improper charge was necessarily confusing to the jury. The judgment is reversed and the case is remanded for a new trial.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] Pending filing of our opinion in this case, the United States Supreme Court issued its opinion in *Philadelphia Newspapers, Inc. v. Hepps*, _____ U. S. _____, 106 S. Ct. 1558, 89 L. Ed. (2d) 783 (1986), a libel case involving a private plaintiff. While distinguishable, its reasoning is also applicable to libel actions brought by public officials or public figures. It is therefore cited as additional authority for our decision in this case.