76207. DeKALB COUNTY v. BEACON INDUSTRIES, INC.
(370 SE2d 191)

CARLEY, Judge.

Appellant-defendant solicited bids for a public works construction project. Appellee-plaintiff submitted the winning bid. Thereafter, the parties entered into a written contract, under the terms of which appellee agreed to perform for appellant "the complete installation of approximately 560 linear feet of 48-inch water main, 2300 linear feet of 16-inch, 12-inch, 8-inch and 6-inch ductile iron pipe and all appurtenances necessary for I-85/Northcrest 48-inch Water Re-Route" (Project). The contract further provided that the Project was to be comprised of some twenty-eight separate "units" of construction work and, as to each "unit," appellee was to be compensated by appellant at a specified price.

Appellee performed all of its contractual obligations with regard to such "units" of the Project as appellant permitted it to complete. However, appellant refused appellee the opportunity to perform at least eight of the twenty-eight work "units." With appellant's approval, these "units" were completed by other contractors. Appellee then brought this suit, alleging that appellant, by refusing to allow appellee's performance of all of the twenty-eight of the Project's work "units," had breached the contract. The case was tried before a jury. At the close of the evidence, the trial court granted appellee's motion for directed verdict both as to liability and damages. Appellant's motion for new trial was denied, and it appeals from the trial court's judgment entered on the directed verdict.

1. Appellant enumerates as error the trial court's grant of appellee's motion for directed verdict as to liability.

In effect, the trial court held that, under the clear and unambiguous terms of the agreement, appellant had contracted for appellee's performance of all of the twenty-eight "units" and that appellant was,

therefore, obligated to pay appellee for those "units." Appellant contends that this construction of the contract is erroneous. Under appellant's construction of the terms of the contract, it retained the unilateral right to withdraw "units" of the Project from the scope of the contract while also retaining the right to insist upon appellee's strict performance of the remaining unwithdrawn "units." In support of this construction, appellant relies upon the following provision of the contract: "The estimated *quantities* of work to be done and materials to be furnished under this Contract if shown in any of the documents including the Proposal, are given only for use in comparing bids and to indicate approximately the total amount of the Contract; and the *right is especially reserved . . .* except [as] herein otherwise specifically limited, *to increase or diminish them as may be deemed reasonably necessary or desirable by the County to complete the work contemplated by this Contract,* and such increase or diminution shall, in no way, vitiate this Contract, nor shall any such increase or diminution give cause for claims or liability for damages." (Emphasis supplied.)

The contract, which was drafted by appellant, does not define the term "quantities" as employed in the above-quoted contractual provision. The trial court held that the unambiguous meaning of the provision was that appellant had merely reserved the right to adjust, by increasing or reducing, the estimated "quantities" of work and materials to be included within a contractual work "unit" so as to insure that "the work contemplated by the Contract" would be completed if more or less work and materials proved necessary, but that appellant had otherwise entered into a contract with appellee for performance of all of the Project's twenty-eight "units" and could not unilaterally eliminate entire "units" from the contract.

"[W]here the provisions of a contract are unambiguous, its interpretation is a question of law for the trial court. [Cits.]" *Brigadier Indus. Corp. v. Pippin,* 148 Ga. App. 145, 146 (251 SE2d 114) (1978). "[A] contract is not ambiguous even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties. [Cit.]" *Pisano v. Security Mgt. Co.,* 148 Ga. App. 567, 568 (251 SE2d 798) (1978). Under appellant's interpretation of the above-quoted contractual provision, it was granted the unilateral right to reshape the entire scope of the Project and of the contract, while appellee would be kept completely bound by the strict terms of the contract. "[I]f one party cannot hold the other to the terms of the contract and compel him to perform under it, or bring an action against him for his refusal to perform, the transaction is unilateral, and no contract exists as against either party." *Oliver Constr. Co. v. Reeder,* 7 Ga. App. 276, 277 (66 SE 955) (1910).

Accordingly, appellant's construction would violate that fundamental principle of contractual construction which provides that "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." OCGA § 13-2-2 (4).

The only construction of the contract which will not violate the pertinent rules of construction is that which was reached by the trial court. Appellant contracted with appellee for the completion of "the work contemplated by [the] Contract." The "work contemplated by [the] Contract" was "the complete installation" of the Project itself. The "complete installation" of the Project was to be accomplished in twenty-eight separate work "units." Appellant did retain the right to increase or decrease the "quantities" of the work and material *within* a work "unit," but only insofar as that increase or decrease "may be deemed reasonably necessary or desirable . . . to complete" the Project. Thus, appellant did not retain the right to make a unilateral *elimination* from the scope of the Project and contract of any of the work "units" themselves. Having contracted with appellee for the "complete installation" of the Project in twenty-eight work "units," appellant breached the agreement when, as to any one of those "units," it refused to allow appellee to perform.

It follows that the trial court correctly granted a directed verdict in appellee's favor as to the issue of appellant's liability. " 'The parties are to be governed and their rights established by the contract which they made, which in this case is in writing, very full and explicit, and all of its terms, as far as practicable, must be given full effect. The intention is to be gathered largely from what the parties say, the words they use, and, when ascertained, both law and justice require it to be given full effect.' [Cit.]" *Myers v. Philip Carey Co.*, 17 Ga. App. 535 (1) (87 SE 825) (1916).

2. As to the issue of damages, appellant enumerates as error both the trial court's grant of appellee's motion for directed verdict and the denial of its own motion for directed verdict. A review of the record shows that the appellee's president offered evidence which was relevant and probative to the issue of damages. His testimony was based upon an examination of appellee's pertinent but extensive business records which were present in court. This evidence was uncontradicted and appellant's only contention is that it was too speculative to authorize a recovery. "It has long been the accepted rule in Georgia that when the pertinent and essential facts can be ascertained only by an examination of a large number of voluminous entries in books of account or business records, an auditor or another familiar with the records who has made an examination and analysis of the books and figures may testify as a witness and give summarized statements of what the books show as a result of his investigation. [Cit.]" *Depart-*

*ment of Transp. v. Delta Machine Prods. Co.*, 157 Ga. App. 423, 426 (3) (278 SE2d 73) (1981). Accordingly, appellant's enumerations are without merit.

3. Appellant also urges in its brief that certain of the trial court's other rulings were erroneous. "However, since these matters were not enumerated as error, they were not made issues in the appeal, and therefore will not be considered. [Cits.]" *Rider v. State*, 226 Ga. 14, 15 (2) (172 SE2d 318) (1970).

4. The trial court did not err in denying appellant's motion for a new trial.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 19, 1988 —
REHEARING DENIED JUNE 2, 1988 — 

*Albert Sidney Johnson, Karen K. Karabinos*, for appellant.
*James B. Ritchie III*, for appellee.