A95A0430. WORDU v. THE STATE.
(455 SE2d 101)

BIRDSONG, Presiding Judge.

Izeoma Bertram Wordu has filed an out-of-time appeal of his judgment of conviction, entered February 6, 1988, of trafficking in cocaine. His sole assertion of error is inadequacy of counsel.

Appellant petitioned for writ of habeas corpus. On July 8, 1993, the Superior Court of Ware County issued an order, which, inter alia, directed that the Superior Court of Dooly County grant petitioner an out-of-time appeal, and appoint him counsel to prosecute his appeal should he be found by the court to be indigent. The Superior Court of

Ware County additionally directed that petitioner's appointed counsel, subsequent to the grant of an out-of-time appeal, "further file a motion for new trial to address all relevant issues petitioner has raised herein including specifically ineffective assistance of counsel." On September 14, 1994, the Superior Court of Dooly County filed an order granting "an out-of-time appeal to pursue within thirty (30) days from the filing of this order, any post-conviction remedies [appellant] may have." Also on September 14, 1994, a notice of appeal was filed on behalf of appellant by his current appellate attorney; this notice directed that no filed motions be omitted from the record. The trial record discloses that, although a motion for new trial had been denied in September 1989, no motion for new trial was filed subsequent to the entry of the habeas corpus order on July 8, 1993 and before notice of appeal was entered in this case. *Held*:

1. Appellant failed to file a separate enumeration of error in this attempted out-of-time appeal, but merely incorporated an enumeration of error within his appellate brief. This court issued an order on January 19, 1995 directing appellant to file a separate enumeration of error as required by Court of Appeals Rule 22 (b), dated January 1, 1995. See, e.g., *Benfield v. State*, 224 Ga. 139 (160 SE2d 398) (assignments of error in a timely filed brief cannot take the place of the required enumeration of error). Accord *Russell v. State*, 225 Ga. 371 (169 SE2d 124) (incorporation of enumeration of error in the brief fails to comply with the statutory rule and presents nothing for appellate review; compare Code Ann. § 6-810 with OCGA § 5-6-40); *Windsor v. Southeastern Adjusters*, 221 Ga. 329 (144 SE2d 739). Appellant failed to file timely a separate enumeration of error. "The dismissal of a criminal defendant's appeal, thereby denying the defendant his right to direct appeal, can be the result of appellate counsel's negligence, ignorance, or misinterpretation of jurisdictional *or* procedural statutes and rules." *Rowland v. State*, 264 Ga. 872, 874 (1), n. 4 (452 SE2d 756). Accordingly, the out-of-time appeal shall be dismissed. *Tolbert v. Tolbert*, 234 Ga. 708 (217 SE2d 162); *Benfield*, supra.

2. Additionally, we find that appellant's claim of inadequacy of counsel has been waived by his current appellate counsel's failure to file a motion for new trial prior to filing the notice of an out-of-time appeal, and by failing, at the first available opportunity, to request a hearing on the issue of inadequacy of appellant's trial counsel. *Ponder v. State*, 260 Ga. 840 (400 SE2d 922). In *Ponder*, supra at 841-842 (1), the Supreme Court held: "[T]he grant of an out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies, including a motion for new trial. It follows from that holding and from the requirement that a claim of ineffective assistance of counsel be determined by means of an evidentiary hearing at the earliest practicable moment, that a claim of ineffective assistance of counsel

may not be asserted in an out-of-time appeal unless appellate counsel pursues a motion for new trial, subsequent to the grant of the out-of-time appeal, in which the issue is raised and resolved by means of an evidentiary hearing." The Supreme Court then addressed the procedure which is required when the out-of-time appeal arises from a habeas corpus proceeding, and ruled that upon a finding of a denial of a right to appeal, "the habeas court should decline to rule on the remaining issues, without prejudice to any later habeas corpus action, and . . . grant an out-of-time appeal, giving the petitioner 30 days to pursue post-conviction remedies." Id. at 842. The lower courts in this case substantially followed the procedural requirements of *Ponder*, supra. Moreover, appellant's earlier filing and the trial court's denial of a new trial motion did not preclude appellate defense counsel from filing another new trial motion timely raising the inadequacy of counsel issue before filing the notice of an out-of-time appeal. *Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543). "[A] claim of ineffective assistance of trial counsel may not be asserted in an out-of-time appeal unless the defendant's new appellate counsel files a motion for new trial after the grant of the out-of-time appeal and raises the ineffectiveness claim." Id. Further, the fact that current appellate counsel is attempting to be relieved as counsel of record and to have another appellate counsel appointed on behalf of appellant does not alleviate the necessity for his compliance with those now well-established requirements for the preservation of an inadequacy of counsel issue on appeal. For this additional reason this appeal should be dismissed. In this regard, the Supreme Court has generally cautioned appellants again, citing its earlier cases of *Ponder*, supra, and *Maxwell*, supra, of the procedure to be followed when appellate counsel intends to pursue a claim of ineffective assistance of counsel by means of an out-of-time appeal. *Rowland*, supra at 875 (2), n. 7.

*Appeal dismissed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 8, 1995.

*Robert H. Beer,* for appellant.
Izeoma B. Wordu, *pro se.*
*John C. Pridgen, District Attorney,* for appellee.

