A97A0240. LEWIS v. THE STATE.
(487 SE2d 533)

ANDREWS, Chief Judge.

Appellant Ernest Earle Lewis has filed an "Appeal of Defendant" from his conviction of simple battery. As noted by the State in its motion to dismiss, however, no separate enumeration of errors was filed as required by OCGA § 5-6-40, neither was the document filed in compliance with Rule 27 of this Court. Therefore, the motion of the State to dismiss this appeal is granted. *Wordu v. State,* 216 Ga. App. 552, 553 (1) (455 SE2d 101) (1995).

*Appeal dismissed. Senior Appellate Judge Harold R. Banke concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur because appellant has failed to comply with the section of the Appellate Practice Act which requires an enumeration of errors, OCGA § 5-6-40, and Court of Appeals Rule 22 which implements that section as specifically provided therein, but he also did not follow several of the requirements for briefs which are set out in Court of Appeals Rule 27.

As to the statute, the Supreme Court of Georgia has held that failure to file an enumeration of errors requires dismissal of the appeal. *Lowery v. Smith*, 225 Ga. 814 (171 SE2d 500) (1969). See also *Benfield v. State*, 224 Ga. 139 (160 SE2d 398) (1968). In appellant's response to the State's motion to dismiss the appeal, he counters that the brief itself contains two specific numbered "objections" which are sufficient to apprise the Court of his complaints. That begs the question. Even if we liberally construe the "objections" as enumerations of error in the spirit of OCGA § 5-6-30, the statute on enumerations expressly provides that "The appellate court, by rule, may permit the enumeration to be made a part of the brief." OCGA § 5-6-40. The Court has not done so but instead clearly requires a separate filing. Court of Appeals Rule 22.

Appellant, who is obligated to ascertain and follow the rules of the Court in pursuing appeals, did in fact know them. He cites Court of Appeals Rule 4 in his brief and incorporates a copy of the clerk's notice of docketing, which refers to the rules and invites appellants to call the clerk's office "[i]f you have a question or problem." He simply chose to be selective in following them, either ignoring those which did not suit his style or not exercising diligence in reading them.

He can take no comfort in the case he cites, *MacDonald v. MacDonald*, 156 Ga. App. 565 (275 SE2d 142) (1980) (non-precedential), for an enumeration of errors was filed there. The question was whether it was "sufficiently definite and specific to designate the error appealed from." Id. at 568 (1) (c). In a detailed and lengthy exposition, the Court explained and applied the law with respect to enumerations of error, seeking every avenue to hold it adequate for the purpose of reaching the merits of the appeal. The enumeration was simply too general and keyless to enlighten the Court as to what issue it should consider and decide. So the Court, relying on earlier cases, was relegated to a decision "only [on] the general grounds as to the sufficiency of the facts to support the judgment." Id. at 569 (1) (c).

Lewis, on the other hand, has not even filed an enumeration of errors. Thus we cannot apply OCGA § 5-6-48 (f). It requires that "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accor-

dance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed."

For lack of a separate enumeration of error, the Court dismissed the appeal in *Wordu v. State*, 216 Ga. App. 552, 553 (1) (455 SE2d 101) (1995). Although this was done only after appellant failed to comply with an order of this Court to file such, an order to follow the rules is not a prerequisite to their enforcement or to unfavorable consequences of non-compliance.[1] Compare *Tolbert v. Tolbert*, 234 Ga. 708 (217 SE2d 162) (1975), where the Supreme Court dismissed an appeal only after failure to comply with a court order; the Court's rule provided for such an order. There is no such specific rule of this Court, only the general warning of Court of Appeals Rule 7, and there is no ambiguity in the statute or in the rule on enumerations which needs clarification by court order. Nor does any other reason appear to warrant an order.

It is true of the statute and rules in this case, as was true in *MacDonald* and in the case it quotes, that rules of appellate practice "are made for a substantial purpose, not as mere technical pitfalls to catch the unwary." *Patterson v. Beck*, 133 Ga. 701, 704 (66 SE 911) (1910).

DECIDED MAY 2, 1997.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Before Judge Crawford.

*Alan B. Fecteau*, for appellant.

*Jerry Rylee, Solicitor, Adam S. Hicks, Assistant Solicitor*, for appellee.

---

[1] Although the Court held that the appeal "shall be dismissed" for failure to file a separate enumeration of error, it went further and gave an "additional reason" for dismissal, i.e., a procedural ruling on his claim of ineffective assistance of counsel. This second ruling, that appellant's failure to properly raise and preserve the issue, would be a ground for affirmance, not for dismissal.