## A98A0860. MILES v. EMMONS.
(507 SE2d 762)

RUFFIN, Judge.

William L. Emmons appealed to the Glynn County Superior Court from the Georgia Department of Public Safety's ("DPS") cancellation of his Georgia driver's license. The trial court ordered DPS to return Emmons' Georgia driver's license to him. Sidney Miles, the DPS Commissioner, filed an application for discretionary appeal with this Court, which we granted. Because Miles failed to file an enumeration of errors, the appeal must be dismissed.

The Appellate Practice Act, OCGA § 5-6-30 et seq., "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points therein, except as may be specifically referred to in this article." OCGA § 5-6-30. The Appellate Practice Act provides that an appellant "*shall* file with the clerk of the appellate court, at such time as may be prescribed by its rules, an enumeration of the errors which shall set out separately each error relied upon. . . . The appellate court, by rule, may permit the enumeration to be made a part of the brief." (Emphasis supplied.) OCGA § 5-6-40.

This Court does not permit the enumerations of error to be made part of the brief, but clearly requires a separate filing. Court of Appeals Rules 22 (a) and 26 (a). See also *Lewis v. State*, 226 Ga. App. 344, 345 (487 SE2d 533) (1997) (Beasley, J., concurring specially). This Court and the Supreme Court of Georgia have made clear that failure to file an enumeration of errors requires dismissal of an appeal, and that arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error. See *Lee v. State*, 265 Ga. 112, 116 (8) (454 SE2d 761) (1995); *Lowery v. Smith*, 225 Ga. 814 (171 SE2d 500) (1969); *Lewis*, supra; *DeKalb County v. Beacon Indus.*, 187 Ga. App. 370, 373 (3) (370 SE2d 191) (1988).

In this case, Miles failed to file an enumeration of errors, and his appeal is therefore dismissed.

*Appeal dismissed. Pope, P. J., and Beasley, J., concur specially.*

POPE, Presiding Judge, concurring specially.

I agree that this case should be dismissed due to Miles's failure to file an enumeration of errors. Not only did Miles fail to file a separate enumeration of errors as required by Court of Appeals Rule 22 (a), he also neglected to include an enumeration of errors in his brief as required by Court of Appeals Rule 27 (a) (2). This is not a case, therefore, where a party enumerated errors for the Court in his brief, but simply forgot to file the enumerations as a separate document. No enumerations of error have been identified. While it is preferable

that this Court address the merits of cases before it, in this instance where an appellant has ignored the requirements of OCGA § 5-6-40, dismissal is appropriate. *Lewis v. State*, 226 Ga. App. 344, 345 (487 SE2d 533) (1997) (Beasley, J., concurring specially).

I am authorized to state that Judge Beasley joins in this special concurrence.

DECIDED AUGUST 19, 1998 —
RECONSIDERATION DENIED SEPTEMBER 22, 1998.

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Carol A. Callaway, Neal B. Childers, Senior Assistant Attorneys General*, for appellant.

William L. Emmons, *pro se*.