A98A1508. LESLIE v. WILLIAMS.
(510 SE2d 130)

POPE, Presiding Judge.

Sheila Leslie sued Nikita Williams for injuries she allegedly sustained in an automobile accident. Before trial, Williams stipulated to her negligence, leaving only the issues of proximate cause and damages for trial. After a trial on these issues, the jury returned a verdict in favor of Williams. Leslie appeals, contending the verdict is not supported by the evidence and the court erroneously instructed the jury on her burden of proof regarding causation. The contentions are

without merit and we affirm the judgment.

1. Before addressing the merits of Leslie's appeal, we must consider Leslie's failure to file an additional copy of her enumerations of error separate from those set forth in her brief. Although we do not condone Leslie's failure, unlike Judge Ruffin's dissent we cannot conclude that it requires a dismissal of her appeal. And while the procedure suggested by Judge Beasley — that we order Leslie to file separate enumerations of error — may be appropriate in some cases, such a procedure is not needed in every appeal lacking separately filed enumerations, but should be used only in those cases in which it is not apparent from the notice of appeal, briefs and record exactly what errors are alleged. Instead, in a case such as the instant one in which there is no question as to exactly what errors are alleged, we should not elevate form over substance and should not waste judicial time and resources by ordering the appellant to file another document, but should simply rule on the merits of the appeal.

There is no question that Leslie failed to comply with Court of Appeals Rule 22 (a), which states: "The enumerations of error shall be filed as a separate document with the Clerk of this Court. . . . This is in addition to Part 2 of the brief. See Rule 27 (a) (2)." She did, however, comply with Rule 27 (a) (2) by setting forth enumerations of error in her brief. Those enumerations definitely and specifically designate the alleged errors: the first enumeration contests the court's jury charge on Leslie's burden of proof and the second enumeration challenges the sufficiency of the evidence supporting the verdict.

Consequently, this case is materially distinguishable from those cited by the dissent. In *Wordu v. State*, 216 Ga. App. 552, 553 (1) (455 SE2d 101) (1995), this Court dismissed an attempted out-of-time appeal, which contained no enumerated errors, only after the appellant did not comply with a court order directing him to file enumerations of error. In *Lewis v. State*, 226 Ga. App. 344 (487 SE2d 533) (1997), we dismissed the appeal because not only did the appellant fail to file any enumerations of error, but he also failed to comply with several requirements for briefs set out in Court of Appeals Rule 27. In *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998), the appeal was dismissed because again there were no enumerations of error filed. The special concurrence in that case noted: "This is not a case, therefore, where a party enumerated errors for the Court in his brief, but simply forgot to file the enumerations as a separate document." Unlike *Miles*, *Lewis*, and *Wordu*, the instant case is one in which Leslie did in fact enumerate errors for us in her brief, but did not also file the enumerations as a separate document.

We are required to construe the Appellate Practice Act liberally in order to reach a decision on the merits of every appeal and avoid dismissal of cases. OCGA § 5-6-30. "Where it is apparent from the

notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." OCGA § 5-6-48 (f).[1] Construing the Appellate Practice Act liberally, we shall not dismiss Leslie's appeal, but instead we exercise our discretion to reach the merits of the case because it is apparent from Leslie's notice of appeal, her brief, her enumerations of error in the brief, and the record exactly what judgment is appealed from and what errors are asserted.

2. Leslie asserts that the court improperly increased her standard of proof beyond preponderance of the evidence by giving the following jury charge: "[I]f you believe from the evidence adduced that the cause of any injury or medical condition which may have been suffered by the plaintiff cannot be determined with certainty but is a matter of speculation or conjecture, in that event you would not be authorized to find a verdict against the defendant in any amount. And in such instance it would be your duty to return a verdict in favor of the defendant as it is absolutely necessary for the plaintiff in order to recover damages from the defendant to show by a legal preponderance of the evidence that the loss complained of was proximately caused by the negligence of the defendant. I instruct you the law does not permit you to speculate or to guess about the existence of injury claimed."

Contrary to Leslie's assertion, this very charge was approved of in *Royal v. Davis Hauling Co.*, 164 Ga. App. 409, 410-411 (2) (297 SE2d 333) (1982). Moreover, "[i]t is a fundamental rule that jury instructions must be considered as a whole in determining whether there was error in the charge. [Cit.]" *Barham v. Levy*, 228 Ga. App. 594, 595 (1) (492 SE2d 325) (1997). An examination of the entire charge and recharge in the instant case shows that the court fully and correctly instructed the jury on the burden of proof. See *News*

---

[1] Judge Beasley, citing her own special concurrence in *Lewis v. State*, supra, claims that OCGA § 5-6-48 (f) does not apply to the instant case because Leslie did not file separate enumerations of error. Contrary to Judge Beasley's claim, OCGA § 5-6-48 (f) does not limit itself only to appeals in which separate enumerations of error have been filed. By its own terms, the Code section mandates that we consider the merits of any appeal in which it is apparent from *any combination* of the notice of appeal, the record or the enumerations of error what judgment is appealed from or what errors are asserted. Because the judgment appealed from and the errors asserted in the instant case are apparent, we must consider the appeal.

*Publishing Co. v. DeBerry*, 171 Ga. App. 787, 790 (3) (321 SE2d 112) (1984).

3. Leslie complains that a verdict in her favor was demanded because Williams did not put on any evidence. The complaint is without merit. The jury considered evidence of Leslie's prior back and neck injuries; of the seriousness, or lack of seriousness, of the collision; and of the time lapse between the accident and Leslie's seeking of medical treatment. As the finders of fact, the jurors were authorized to conclude from all the evidence that Williams is not liable for Leslie's alleged aggravated injuries. See *Purvis v. Toole*, 207 Ga. App. 189 (1) (427 SE2d 565) (1993); *Davis v. McCray*, 127 Ga. App. 281 (193 SE2d 200) (1972). Leslie's challenge to the sufficiency of the evidence is without merit.

*Judgment affirmed. McMurray, P. J., Blackburn and Eldridge, JJ., concur. Andrews, C. J., Beasley and Ruffin, JJ., dissent.*

BEASLEY, Judge, dissenting.

There is a remedy for failure to file a separate enumeration of errors but the majority's reasoning does not overcome Leslie's failure to file one, because under the current state of the court rules, without a separate enumeration this Court does not have jurisdiction.

OCGA § 5-6-48 (f) does not apply because there is no legally effective enumeration of errors at all; that subsection contemplates instances where an enumeration, which is a necessary part of the record, is filed. That subsection provides: "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing. . . ." It does not list briefs, which are not part of the CPA-required items for perfection of an appeal. This deficiency foreclosed invoking subsection (f) in *Lewis* as well, as stated in the special concurrence in that opinion.[2]

The "separate" enumeration of errors required by OCGA § 5-6-40 is a part of the record, whereas the repetition of it in the brief as required by Rule 27 (a) (2) does not constitute a part of the record because a brief is not part of the record.[3] The separate enumeration is a statutory requirement, not simply a requirement of the court rules which can be adjusted by the court. The statute purposefully authorizes the court to "by rule, . . . permit the enumeration to be made a part of the brief." The court has not done so; the rule, Rule 22 (a), is otherwise. Yet the majority has made a rule change for this case. I have no doubt that is practical, but it skirts the law. And because the current rules, in conjunction with the statute, require the *record* rendition of the enumerations to be separate, the record

---

[2] *Lewis v. State*, 226 Ga. App. 344 (487 SE2d 533) (1997).
[3] *Windsor v. Southeastern Adjusters*, 221 Ga. 329 (144 SE2d 739) (1965).

needs supplementation. The absence of a record enumeration of errors would deprive the court of jurisdiction for failure to perfect the appeal.[4]

There is a remedy available that would allow this Court to prompt a correction of the deficiency by supplementation. The court may simply order the appellant to file the statutory enumeration within some reasonable period of time, failing which the appeal would be dismissed. The court could also consider citing the offender for contempt. Court of Appeals Rule 7. The court can also change its rule, accepting the invitation of the legislature at the end of OCGA § 5-6-40.

OCGA § 5-6-48 (d) establishes that "[a]t any stage of the proceedings, . . . the court shall by order, either with or without motion, provide for all necessary amendments, . . . or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it."

This sentence gives the appellate court broad authority so that the purpose of allowing appeals, a review on the merits, is achieved. It does not confine the court to issuing orders of direction to the trial court. Even that is not narrowly meant, as the order may require obedience by the clerk or the court reporter and not the judge. But "amendments" are not limited to amendments emanating from the trial court itself; they may be needed from counsel, who is in each case an officer of the court. The court is empowered by this section to exercise discretion and require amendments, corrections, and additions of whatever kind are needed "to perfect the appeal."

*Windsor v. Southeastern Adjusters*[5] does not prevent this Court from exercising the authority granted by the statute. In that case the Supreme Court chose not to utilize the power expressly bestowed, for whatever reason it had. It may have determined to set a stern example at the commencement of the Appellate Practice Act, as it had gone into effect August 1, 1965, only two months before the case was decided.[6] Regardless of the reason, it did not rule that an appellate court could not invoke OCGA § 5-6-48 (d) to cure the deficiency in the record.

But, as indicated above, the court is authorized by law to exercise discretion to assure its jurisdiction by alerting appellant to the deficiency and allowing a correction. In both *Napier v. Napier*[7] and

---

[4] *Benfield v. State*, 224 Ga. 139 (160 SE2d 398) (1968) (appeal dismissed for want of timely enumeration of errors); *Lowery v. Smith*, 225 Ga. 814 (171 SE2d 500) (1969) (appeal dismissed for want of enumeration of errors); *Napier v. Napier*, 222 Ga. 681 (151 SE2d 712) (1966) (appeal dismissed for want of timely enumeration of errors).

[5] Supra.

[6] Ga. L. 1965, p. 18, § 24.

[7] Supra.

*Benfield v. State*[8] the Supreme Court recognized that where the enumeration is filed but late, it "may" by its rules deem this transgression a failure to perfect the appeal. It exercised its discretion to do so instead of utilizing the authority in OCGA § 5-6-48 (d) to prompt perfection. In *Napier* it had looked for a reason not to do so but found that appellant did not offer an explanation or reason for the untimeliness. Without a perfected record, of course, the Court had no jurisdiction to proceed. In this case the record could have easily been supplemented by filing the two-error enumeration which is now contained on a single page of the appellant's brief.

The opportunity to obtain a ruling on the merits should have been granted here by ordering appellant to file the enumerations. The following reasons warranted such an opportunity:

(1) All else has been done properly; the rules have been followed, unlike in *Lewis v. State*,[9] where several of the requirements for briefs were also overlooked. The court need not become engaged as a school for brief-writing.

(2) The absence of the enumeration from the record has not hampered appellee in responding; appellee does not even call attention to the deficiency by motion, as in *Lewis*, or in her brief.[10]

(3) Appellant does set out clearly and succinctly the errors she claims were made by the trial court and identifies them as such; in *Lewis*, appellant recited no enumeration of errors but merely incorporated "objections" in his brief, and in *Windsor* there was no enumerations of error included as a part of the brief but only "questions allegedly presented for review."[11]

(4) No motion to dismiss, as in *Lewis*, and no court order, as in *Wordu v. State*,[12] has given appellant an opportunity to complete the record. Lewis tried to defend his omission when it was called to his attention, not correct it.

(5) *DeKalb County v. Beacon Indus.*[13] and *Lee v. State*,[14] both cited in *Miles v. Emmons*,[15] deal with an effort by appellant to expand the enumeration to include others, which relates to a different although related procedural rule. These two cases do not constitute controlling precedent for the problem here. *Miles* itself differs, in that

---

[8] Supra.

[9] Supra.

[10] Compare *Russell v. State*, 225 Ga. 371, 372 (169 SE2d 124) (1969) (Mobley, J., dissenting).

[11] *Windsor*, supra; see *Russell v. State*, 225 Ga. 371, 372 (169 SE2d 124) (1969) (in *Windsor*, "no enumerations of error was filed, either as a part of the brief, or separately." Mobley, J., dissenting.).

[12] 216 Ga. App. 552 (1) (455 SE2d 101) (1995).

[13] 187 Ga. App. 370, 373 (3) (370 SE2d 191) (1988).

[14] 265 Ga. 112, 116 (8) (454 SE2d 761) (1995).

[15] 234 Ga. App. 487 (507 SE2d 762) (1998).

Miles failed to comply with the court rule as well, so there was no enumeration of errors identified anywhere. His omissions would substantively preclude a consideration of the merits of the appeal.

RUFFIN, Judge, dissenting.

I respectfully dissent from the majority's opinion. Leslie failed to file a separate enumeration of errors as required by Court of Appeals Rule 22 (a). In so doing, Leslie has not made her enumerations of error part of the record on appeal. See OCGA § 5-6-40. Because this Court does not have the authority to consider any enumerations of error not properly in the record before it, I would dismiss this appeal.

Pursuant to OCGA § 5-6-30, the Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, *except as may be specifically referred to in this article*." (Emphasis supplied.) In that regard, the Appellate Practice Act demands that an appellant "shall file with the clerk of the appellate court . . . an enumeration of the errors which shall set out separately each error relied upon . . . and when filed shall become a part of the record on appeal." OCGA § 5-6-40. Although OCGA § 5-6-40 provides that "[t]he appellate court, by rule, may permit the enumeration to be made a part of the brief," this Court has not done so. Instead, Court of Appeals Rule 22 (a) clearly mandates that an appellant file a separate enumeration of errors, and Rule 27 (a) (2) further provides that the enumeration of errors required as Part Two of an appellant's brief "is *in addition to* the *original* enumeration of errors required by Rule 22 (a)." (Emphasis supplied.) See also *Lewis v. State*, 226 Ga. App. 344, 345 (487 SE2d 533) (1997) (Beasley, J., concurring specially).

In reaching the merits of the present case, the majority relies on OCGA § 5-6-48 (f), which provides that "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." However, such reliance would render meaningless the exception in OCGA § 5-6-30 which, as stated above, allows this Court to refuse to reach the merits and dismiss an appeal when the appellant has not complied with the clear dictates of the Appellate Practice Act. See OCGA § 5-6-30. Although OCGA § 5-6-40 allows us, by rule, to permit appellants to incorporate their enumeration of errors as part of their brief, we have not done so. By using OCGA § 5-6-48 (f) to reach the merits of this

case, we render OCGA § 5-6-40 a nullity.

Similarly, Judge Beasley would reach the merits of the case through the vehicle of OCGA § 5-6-48 (d), which provides that "[a]t any stage of the proceedings, either before or after argument, the court shall by order, either with or without motion, provide for all necessary amendments, require the trial court to make corrections in the record or transcript or certify what transpired below which does not appear from the record on appeal, require that additional portions of the record or transcript of proceedings be sent up, or require that a complete transcript of evidence and proceedings be prepared and sent up, or take any other action to perfect the appeal and record so that the appellate court can and will pass upon the appeal and not dismiss it. If an error appears in the notice of appeal, the court shall allow the notice of appeal to be amended at any time prior to the judgment to perfect the appeal so that the appellate court can and will pass upon the appeal and not dismiss it." However, the first sentence of this statute, on its face, only applies to this Court's authority to order the *trial court* to perfect a record for appeal. In like manner, the second sentence clearly allows errors in the *notice of appeal* to be amended at any time before judgment. Nothing in the statute grants this Court the authority to order an appellant to file a separate enumeration of errors as the majority maintains. In addition, this Court, unlike the Supreme Court, has no rule which would allow us to order an appellant to perfect her appeal based upon a violation of one of our rules. See, e.g., *Benfield v. State*, 224 Ga. 139 (160 SE2d 398) (1968); *Napier v. Napier*, 222 Ga. 681 (151 SE2d 712) (1966).

In *Windsor v. Southeastern Adjusters*, 221 Ga. 329 (144 SE2d 739) (1965), the Supreme Court held that where no separate enumeration of errors was filed, the Court could not "adopt the questions allegedly preserved for review in the appellant's brief as being such specifications of error since the brief is not part of the record but a requirement of this Court under its authority to make rules for the determination of cases." Thus, the effect of such binding precedent is that we have no jurisdiction to hear the instant appeal.

I stress that I do not wish to exalt form over substance. Rather, I simply recognize that we are bound by Supreme Court precedent, regardless of how much we may wish to liberally construe the rules of this Court. We have the appellant's enumeration of errors before us; however, since they are only contained in the brief and are thus not a part of the record, we have no authority to rule on them. See *Windsor*, supra; OCGA § 5-6-40.

The answer in a case such as this, where our rules are clear, is to demand that the appellant accept the consequences of failing to comply with our rules. We should not further dichotomize the distinctions between those lawyers who read and follow the rules, and those

lawyers who do not. We should not have a rule which is adhered to by some, but not by others. If the rule is not one which facilitates the appellate process, then pursuant to the authority granted us by OCGA § 5-6-40, we should allow appellants to incorporate their enumeration of errors as part of the record in their briefs. It would be better to abolish the rule than to have a rule that is adhered to at the whim of the bench and bar. Until then, or until the Supreme Court rules otherwise, we should not reach the merits of a case where the enumeration of errors are not properly part of the record on appeal.

Since Leslie failed to file a separate enumeration of errors as required by Court of Appeals Rule 22 (a), I would dismiss her appeal. Court of Appeals Rule 7; see also *Wordu v. State*, 216 Ga. App. 552, 553 (1) (455 SE2d 101) (1995); *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998) (physical precedent only).

I am authorized to state that Chief Judge Andrews joins in this dissent.

DECIDED DECEMBER 4, 1998.

*Loewenthal & Jackson, Glenn A. Loewenthal*, for appellant.
*Clifton Lee & Associates, Shoran N. Reid*, for appellee.