## 22745. MASONIC RELIEF ASSOCIATION *v.* HICKS.

STEPHENS, J. 1. A contract of life insurance, including a certificate for life insurance in a fraternal benefit association, although it may provide for the lapse or voidance of the contract on nonpayment of periodic premiums, dues, or assessments provided for, is not a contract expiring at the end of each period for which the premiums, dues, or assessments have been paid, and renewable only by further periodic payments as provided for, but it is a contract for life, made in consideration of the periodic payment of the premiums, dues, or assessments. The payment of the premiums, dues, or assessments is not a condition precedent to the continuance of the policy or certificate for the life of the insured, but the condition that the policy or certificate becomes lapsed or void for nonpayment of the required payments is a condition subsequent, by which the policy becomes lapsed or void upon the condition of nonpayment of the premiums, dues, or assessments as required by the terms of the contract. New York Life Ins. Co. *v.* Statham, 93 U. S. 24 (23 L. ed. 789) ; Globe Mutual Ins. Asso. *v.* March, 118 Ill. App. 261, 266; *Alabama Gold Life Ins. Co.* v. *Garmany*, 74 *Ga.* 51 (2) ; *Glover* v. *Bankers Health & Life Ins. Co.*, 30 *Ga. App.* 308 (117 S. E. 665). Whatever burden of proof, if any, rests upon the beneficiary suing on a life-insurance contract, to show payment of all premiums required to render the insured in good standing and the policy in force at the time of his death (see *Supreme Lodge K. of P.* v. *Crenshaw*, 129 *Ga.* 195 (58 S. E. 628, 13 L. R. A. 258, 121 Am. St. R. 216, 12 Ann. Cas. 307)`; *Boyd* v. *Southern States Life Ins. Co.*, 20 *Ga. App.* 453 (93 S. E. 42) ; *Volunteer State Life Ins. Co.* v. *McGinnis*, 29 *Ga. App.* 370 (115 S. E. 287) ; 33 C. J. 105; 14 Standard Enc. Proc. 43), the plaintiff's right to recover is established prima facie, without proof of payment of the required premiums, on proof of possession of the policy by the plaintiff, and its introduction in evidence, and proof of all other essentials to recovery under the policy. The burden is then upon the defendant, in order to defeat recovery, to adduce evidence tending to establish the invalidity of the contract of insurance by reason of nonpayment of premiums, dues, or assessments necessary to render the insured in good standing and the policy in force at the time of his death. This rule is equally applicable to policies or certificates of insurance in fraternal benefit associations. 33 C. J. 109; Petherick *v.* General Assembly, 114 Mich. 420 (72 N. W. 262) ; Rosseau

*v.* Brotherhood, 186 Mich. 101 (152 N. W. 939); Globe Mutual Ins. Ass. *v.* March, 118 Ill. App. 261; Harris *v.* Security Life Ins. Co., 248 Mo. 304 (154 S. W. 68, Ann. Cas. 1914C, 648); Rasch *v.* Bankers Life Co., (Mo.), 201 S. W. 919; Bange *v.* Supreme Council, 179 Mo. App. 21 (161 S. W. 652); Gooden *v.* Modern Woodmen, 194 Mo. App. 666 (189 S. W. 394). For a distinction between the burden of proof and the burden of introducing evidence in rebuttal of a fact prima facie established, see *Hawkins* v. *Davie,* 136 *Ga.* 550 (71 S. E. 873); *Central of Ga. Ry. Co.* v. *Morgan,* 110 *Ga.* 168, 172 (35 S. E. 345); *Hyer* v. *Holmes,* 12 *Ga. App.* 837 (3), 842, 848 (79 S. E. 58). See also *Brunswick &c. R. Co.* v. *Wiggins,* 113 *Ga.* 842 (2) (39 S. E. 551, 61 L. R. A. 613).

2. Where, on the trial, the plaintiff's right to recover under the policy was dependent solely upon the determination of the issue of fact whether the dues or assessments had been paid as alleged in the petition, and therefore whether the insured, at the time of his death, was in good standing, it was not error for the court to charge the jury that, "the plaintiff having attached a copy to their petition and having introduced in evidence a policy of insurance, that would be presumptive evidence that their policy was in force at the time of the delivery of that policy, and that presumption would remain with that policy, and the burden would be upon the defendant to show that the premiums on that policy had not been paid, as a defensive proposition."

3. The establishment of facts in civil cases to a moral and reasonable certainty is not required, but their establishment by a preponderance of the evidence is sufficient. *Supreme Conclave K. of D.* v. *Wood,* 120 *Ga.* 328 (2) (47 S. E. 940); *Brown Store Co.* v. *Chattahoochee Lumber Co.,* 121 *Ga.* 809 (4) (49 S. E. 839); *Bone* v. *State,* 102 *Ga.* 387 (30 S. E. 845); *Youmans* v. *Moore,* 11 *Ga. App.* 66 (2) (74 S. E. 710); Civil Code (1910), §§ 5730, 5731. Upon the trial of an issue arising out of a suit by the beneficiary under a certificate of life insurance, to recover of the insurance company for the death of the insured, where the court had charged the jury that the burden rested upon the defendant to show that the required premiums had not been paid, a charge that the party carrying the burden of establishing a fact should do so "to a reasonable and moral certainty" was error prejudicial to the defendant, and requires the grant of a new trial.

4. The alleged errors referred to in the other assignments of error contained in the special grounds of the motion for a new trial are not likely to occur upon another trial, and need not be passed upon.

5. A verdict having been found for the plaintiff, and the court having erred in the charge as indicated, it was error to overrule the defendant's motion for a new trial.

*Judgment reversed.* *Sutton, J., concurs.* *Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 13, 1933.

*Felton & Felton,* for plaintiff in error.
*Gilbert C. Robinson,* contra.