## 42628.  KEPLINGER v. COOK et al.

ARGUED MARCH 8, 1967—DECIDED APRIL 6, 1967.

---

[1]It would, of course, be reviewable if enumerated as error in connection with an appeal from a final judgment.

Roberts & Thornton, Jack M. Thornton, for appellant.

Kelly, Champion & Henson, John W. Denney, J. Norman Pease, Kenneth M. Henson, for appellees.

QUILLIAN, Judge. ■ Enumerations of error 1 and 2 contend that the "verdict and judgment was so grossly inadequate as to be contrary to law." The appellant argues there was un-contradicted evidence that the plaintiff had special damages in the amount of $260 which was in excess of the verdict of $170. Of the $260 in special damages alleged, $160 consisted of two weeks loss in wages. The plaintiff testified that after the collision took place he lost two weeks from work where he was earning $80 per week. However, he failed to testify that the injury received in the collision was the reason he missed the two weeks from work. There was no evidence as to whether the absence from his employment was due to the injury or some unrelated circumstances. Neither did the plaintiff testify as to the dates encompassing the time he lost from his employment. The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is vague or equivocal (*Pilgreen v. Hanson,*

94 Ga. App. 423, 426 (94 SE2d 752)), and he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank of State of Ga. v. Goette,* 108 Ga. 796 (33 SE 974). Following the rules stated in the above cases and construing the evidence most strongly in favor of the verdict, the plaintiff failed to carry the burden of proof that the loss in wages resulted from the collision. *Martin v. Hutchinson,* 26 Ga. App. 24 (2) (105 SE 313). The verdict was in excess of the remaining special damages, and the appellant's contention is without merit.

■ Appellant insists in Enumeration of error 3 that during the trial the judge erred in allowing the defendants to file an amendment to the answer alleging the defenses of contributory negligence and emergency. Thereafter the court sustained an oral motion to strike each and every paragraph of the amendment. Under these circumstances the prior ruling became moot and presents no question for determination.

■ The remaining enumeration of error complains of the court's failure to charge Section 20-8 and Section 20-6 (1) of the traffic ordinances of the City of Columbus, Ga. The error assigned as to the court's failure to charge Section 20-8 is not supported by citation of authority or argument in appellant's brief and is deemed to have been abandoned. Court of Appeals Rule 17 (C-2), 111 Ga. App. 891. Section 20-6 (1) of the traffic ordinances provides, in part, that operators of vehicles shall obey traffic control lights and stop when a red light is displayed. There was evidence that the point of impact was approximately 340 yards from the next traffic control light. The plaintiff testified that he had stopped in a line of traffic which had backed up because of the red light and there were approximately fifteen or sixteen automobiles between him and the light. Thus, the ordinance was not applicable because it was not adjusted to the facts of this case and the refusal to charge thereon was not error. *Fountain v. Smith,* 103 Ga. App. 192 (3 (118 SE2d 852).

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*