## 48670. WOMACK v. ST. JOSEPH'S HOSPITAL, INC. et al.

PANNELL, Judge.

Plaintiff below brought suit because of injuries allegedly received as result of a fall in a bathtub in his hospital room occasioned by a defective grab bar. Plaintiff had been admitted for treatment of a suspected ruptured disc sustained two months earlier when he slipped and fell at his place of employment. Three days after admission, the suspicion was confirmed when two ruptured discs were surgically corrected.

Following trial, the jury returned a verdict in favor of both defendants. Plaintiff then filed a motion for judgment notwithstanding the verdict and motion for new trial. Following hearing, the motions were denied. *Held:*

1. Plaintiff enumerates initially that the order and judgment entered below were contrary to law and to the evidence, since defendants admitted that the grab bars were negligently installed; defendant, NorAir Construction Company admitted that it had notice of the defective installation prior to the incident; and, that it was undisputed that appellant fell in the tub when the grab bar pulled out of the wall. There is evidence that defendant NorAir did not comply with the architect's specifications in installing the fixtures, but whether this failure constituted negligence, which was the proximate cause of the injury complained of, was a question of fact for the jury to determine. Also, there is evidence of record that the plaintiff's fall may not have aggravated his pre-existing condition. This court has no authority to

entertain an assignment of error that the verdict is contrary to the evidence if there is any evidence at all to support the verdict. *Bell Bros. v. Aiken,* 1 Ga. App. 36 (2) (57 SE 1001). While the evidence supporting the verdict was slight, it cannot be held that the verdict was without evidence to support it. *Alabama Great Southern R. Co. v. Brock,* 141 Ga. 840 (2) (82 SE 225).

2. Plaintiff next complains that the order and judgment below denying the motion for judgment notwithstanding the verdict was in error, since a verdict in favor of appellant was demanded by the evidence. We disagree. There is evidence to support the jury's verdict and it is the duty of an appellate court to construe that evidence most strongly in support of the verdict. *Associated Mutuals v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393). See also, *Crews v. Crews,* 219 Ga. 459 (134 SE2d 27); and *City of Dublin v. Hobbs,* 218 Ga. 108 (126 SE2d 655).

3. Plaintiff enumerates that the trial court erred in charging the jury as follows: "I charge you that verdicts cannot be based on mere conjecture, speculation or suspicion. The proof must establish a connection between the acts charged and the injury alleged as its effect before the plaintiff can be permitted to recover. A possible cause cannot be accepted by a jury as the operating cause unless the evidence excludes all others or shows something in the way of a direct connection with the occurrence." Taken out of context, the challenged instruction might, under the facts of this case, be subject to attack. However, the isolation of segments of the overall charge to the jury and the individual dissection of such parts is not grounds for reversal. It is consideration of the charge as a whole that determines the issue. See *Stanley v. Squadrito,* 107 Ga. App. 651 (131 SE2d 227); *Grasham v. Southern R. Co.,* 111 Ga. App. 158 (141 SE2d 189); *Bryant v. Chasteen,* 121 Ga. App. 446 (174 SE2d 192). The voluminous instructions in the instant case have been considered by us and we are of the opinion that there could be no misunderstanding or confusion on the part of the jury.

4. Appellant enumerates error on the following charge: "I charge you that in considering expert medical testimony a verdict cannot be founded on speculation or

possibilities. In order for a plaintiff to recover damages for an injury arising from the negligence of another, it must be shown within a reasonable degree of medical certainty that the injury was the result of the defendant's negligence. Speculation and possibilities are to be disregarded." Pretermitting the question whether the appellant may have abandoned this enumeration of error because of his failure to comply with the rules of this court (Rule 18 (a) (1); 18 (c) (2) and (3) adopted July 1, 1971; 122 Ga. App. 885, 893-894), we find no error, as the defendant's objection to this charge was without merit. His objection was "we object to that for the same reasons we argued when we had the question of evidence — possibility of injuries." We have examined the arguments of appellant addressed to the admissibility of this testimony and find nothing said which could be construed as applicable to the charge complained of. Rules as to the admissibility of medical testimony as here involved do not control in determining the propriety or correctness of a charge to the jury as to what such testimony should show or prove upon consideration of such evidence by the jury. The charge here is not error for any reason argued as to the admissibility of the evidence referred to in the objection to the charge.

5. The remaining enumerations of error are considered without merit.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 9, 1973 — DECIDED JANUARY 23, 1974 — REHEARING DENIED FEBRUARY 22, 1974 —

*Adams, Adams, Brennan & Gardner, Edward T. Brennan, Richard A. Rominger,* for appellant.

*Falligant, Doremus, Karsman, Kent & Toporek, A. Martin Kent, Bouhan, Williams & Levy, Frank W. Seiler,* for appellees.