64572. ROYAL v. DAVIS HAULING COMPANY et al.

Pope, Judge.

Plaintiff Juanita N. Royal brought this action for damages against defendants Davis Hauling Company and its owner, Charles Davis, Jr. Plaintiff alleged that she was injured as the result of gravel falling from one of defendant company's trucks onto her automobile, breaking her windshield and causing slivers of glass to become lodged in her eyes. Following a trial on the merits, a jury returned a verdict in favor of both defendants. Plaintiff brings this appeal following the denial of her motion for new trial and challenges the sufficiency of the evidence to support the verdict. She also enumerates as error the giving of a certain jury charge relating to speculation or conjecture.

1. Plaintiff argues on appeal that the trial court abused its discretion in denying her motion for new trial because the verdict was decidedly and strongly against the weight of the evidence. However, appellate courts do not undertake to weigh the evidence, only to determine its sufficiency. *Ramco Roofing &c. Co. v. Kaminsky,* 156 Ga. App. 708 (4) (275 SE2d 764) (1980); see *Rizk v. Tucker Coal &c.*

*Co.,* 147 Ga. App. 155 (248 SE2d 215) (1978). There is no dispute that gravel from defendant company's truck fell onto plaintiff's automobile damaging her windshield. However, the extent of that damage and whether that incident was the proximate cause of plaintiff's alleged injuries were matters in dispute. The jury resolved these matters adversely to plaintiff, and there was evidence to support the verdict. Therefore, we must affirm. *Preferred Risk Mut. Ins. Co. v. Thomas,* 153 Ga. App. 154 (2) (264 SE2d 662) (1980).

2. The following charge to the jury was given by the trial court: "Now, members of the Jury, I charge you that if you believe that from the evidence adduced that the cause of any injury or medical condition which may have been suffered by the plaintiff cannot be determined with certainty, but that it is a matter of speculation or conjecture, then in that event you would not be authorized to find a verdict against the defendants in any amount. And in such instance it would be your duty to return a verdict in favor of the defendant[s,] [i]t being absolutely necessary for the plaintiff in order to recover damages from the defendants to show by a legal preponderance of the evidence that the loss complained of was proximately caused by the negligence of the defendants. In this connection I further instruct you that the law does not permit you to speculate or to guess about the existence of either the negligence or the injury claimed." Plaintiff contends that the foregoing charge was incomplete and asserts that the following language was erroneously omitted: "On the other hand, if there is evidence which points to any one theory of causation, indicating a logical sequence of cause and effect, then there is a juridical basis for determination as to how the event happened, and a jury would be authorized to select this theory notwithstanding the existence of other plausible theories with or without support in the evidence."

The language of the charge as given by the trial court, if combined with the language proposed by plaintiff, would be correct as an abstract principle of law. *Aetna Casualty &c. Co. v. Nuckolls,* 69 Ga. App. 649, 653 (26 SE2d 473) (1943); *Southern Grocery Stores Inc. v. Greer,* 68 Ga. App. 583 (2, 3) (23 SE2d 484) (1942). That such a charge would be applicable to the facts in this case is not disputed. Nevertheless, we do not view the charge as given by the trial court as erroneous. No written request was made in accordance with Code Ann. § 70-207 (b) (now OCGA § 5-5-24). "Certain omissions to charge, without request, matters which if given would have been merely elaborative of the charge as delivered, furnish no ground for [reversal]." *Lowe v. Athens Marble &c. Co.,* 104 Ga. App. 642, 646 (122 SE2d 483) (1961). See also *Saxon v. Toland,* 114 Ga. App 805 (1) (152 SE2d 702) (1966). The trial court did charge "that the plaintiff is

not required to prove all of her contentions of negligence. But if you find that she has proved one of these acts of negligence and that such act amounted to a failure to exercise ordinary care and diligence, and was the proximate cause of the plaintiff's alleged injury and damages, then the plaintiff would be entitled to recover. . . ." The proposed but unrequested charge was substantially given as set out above and would have been merely elaborative if given. "The charge as a whole was correct, and the court did correctly charge the jury on the duties and legal relationships of the parties in this case governing the issues raised." *Steed v. Steel Products Mfg. Co.,* 152 Ga. App. 350, 353 (262 SE2d 616) (1979).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 16, 1982.

*James G. Blanchard, Jr.,* for appellant.
*David H. Hanks,* for appellees.