## A93A1418. GOGGIN v. GOLDMAN.
### (433 SE2d 85)

McMurray, Presiding Judge.

Plaintiff Goggin was injured when his automobile hydroplaned and slid into a telephone pole. He was transported to the emergency room at North Fulton Regional Hospital where defendant Goldman, a general surgeon, became involved in the management of his treatment. While other injuries were immediately diagnosed and treated, it was not until approximately 60 hours after plaintiff's crash that a blood clot was discovered in the left renal artery. This blood clot terminated the supply of blood to, and resulted in the permanent loss of function of, plaintiff's left kidney.

Plaintiff's action is predicated on the theory that the loss of his kidney was caused by the negligence of defendant in failing to order x-rays and other tests for evaluation of possible injury to plaintiff's urinary tract. According to the testimony of plaintiff's expert, such tests would have discovered the blood clot and presented some opportunity to salvage the kidney. Upon the trial of the case, a mistrial resulted when the jury was unable to agree on a verdict. Defendant moved for a judgment notwithstanding the mistrial and the trial court granted this motion based on its conclusion that plaintiff had failed to present any proof that his injury was proximately caused by de-

fendant's negligence. The sole enumeration of error raised by plaintiff's appeal is the trial court's grant of defendant's motion for judgment notwithstanding the mistrial. *Held*:

"A motion for a judgment notwithstanding a mistrial is analogous to a motion for a directed verdict or motion for judgment notwithstanding the verdict in that the same can be sustained only where '(t)here is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom shall demand a particular verdict.' [OCGA § 9-11-50 (a)]." *Gordon v. Carter*, 126 Ga. App. 343, 344 (1) (190 SE2d 570). See also *Findley v. McDaniel*, 158 Ga. App. 445, 446 (1) (280 SE2d 858). " ' "(T)he primary question for determination is whether the evidence introduced, with all reasonable deductions . . . demanded a verdict for the defendant, as the standards for granting a motion for judgment n.o.v. are the same as those governing direction of a verdict. (Cits.) (T)he motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one-way' verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts." *Bryant v. Colvin*, 160 Ga. App. 442, 444 (287 SE2d 238) (1981).' *Miller & Meier & Assoc. v. Diedrich*, 174 Ga. App. 249, 250 (329 SE2d 918) (1985). The question is whether the evidence demands a verdict for the movant; if there is no evidence to support the verdict, the motion must be granted. *City of Atlanta v. West*, 160 Ga. App. 609, 611 (2) (287 SE2d 558) (1981)." *Famiglietti v. Brevard Medical Investors, Ltd.*, 197 Ga. App. 164 (1) (397 SE2d 720).

"A motion for directed verdict can be granted only '(i)f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . .' OCGA § 9-11-50 (formerly Code Ann. § 81A-150). Under the statutory definition of medical malpractice, '(a) person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had.' OCGA § 51-1-27 (formerly Code Ann. § 84-924). Thus, there are three essential elements imposing liability upon which recovery is bottomed: (1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained. 'Negligence alone is insufficient to sustain recovery. It must

be proven that the injury complained of proximately resulted from such want of care or skill. A bare possibility of such result is not sufficient.' *Maddox v. Houston County Hospital Auth.*, 158 Ga. App. 283, 284 (279 SE2d 732) (1981)." *Hawkins v. Greenberg*, 166 Ga. App. 574, 575 (1a) (304 SE2d 922). Additionally, there can be no recovery for medical negligence involving an injury to the patient where there is no showing to any reasonable degree of medical certainty that the injury could have been avoided. *Parrott v. Chatham County Hosp. Auth.*, 145 Ga. App. 113, 115 (243 SE2d 269).

Our review of the evidence at trial is limited to the excerpts from the trial transcript submitted on appeal. This evidence serves to only suggest the mere possibility that timely discovery of the blood clot at issue would have made it possible to save the function of plaintiff's kidney. The trial court's order notes that plaintiff's expert testified that "even if a proper diagnosis was made and surgery performed within four hours of Plaintiff's injury, he could not say within a reasonable degree of medical certainty that it would have been possible to save the function of the kidney." Nothing in the excerpt from this witness' testimony included in the record contradicts this statement. Nor is there any other evidence in the record submitted on appeal which may be viewed as satisfying plaintiff's burden of proof. Plaintiff having failed to prove his case, the trial court did not err in granting defendant's motion for judgment notwithstanding the mistrial.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 10, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993 — 

*Sanford A. Rice*, for appellant.
*Whitehurst & Frick, Elaine W. Whitehurst*, for appellee.