## A96A1956. ABDUL-MAJEED v. EMORY UNIVERSITY HOSPITAL et al.

### (484 SE2d 257)

POPE, Presiding Judge.

In this wrongful death action based on medical malpractice, plaintiff Bahiyyah Abdul-Majeed appeals from the trial court's grant of summary judgment for defendants Emory University Hospital and Dr. Richard Riggins. Concluding that summary judgment was proper because plaintiff failed to come forward with evidence showing that defendants' alleged negligence proximately caused the death of plaintiff's decedent, we affirm.[1]

Dr. Riggins operated on the decedent, who had suffered a shattered pelvis in a car accident, and supervised his post-operative care. A high percentage (20 percent) of patients undergoing this type of operation develop blood clots after surgery, and the probability that the decedent would develop blood clots was even higher because of his large size. Dr. Riggins therefore prescribed a medication (a blood thinner) to lessen the risk of clotting. But he did not prescribe elastic stockings, pulsating devices, or physical movement of the decedent's toes and ankles; and plaintiff's expert said Dr. Riggins should have used these in addition to the medication he prescribed, in order to further lessen the risk of clotting. The decedent did develop a blood clot, which became a fatal pulmonary thrombosis.

In an affidavit attached to the complaint under OCGA § 9-11-9.1, plaintiff's expert stated his opinion, "based on reasonable medical certainty," that defendant's negligence proximately caused the decedent's death. When plaintiff's expert was deposed, however, he was asked whether he could say "with a reasonable degree of medical certainty" that the decedent's death could have been prevented, and he responded as follows: "No. . . . All I can say is it would be more likely that there was a possibility that this could have been prevented."

Even giving plaintiff the benefit of favorable inferences, this testimony cannot reasonably be understood to say that there is anything more than a *possibility* that use of the suggested additional measures could have prevented (or even delayed) the decedent's death. And a possibility that the alleged negligence caused the death is not sufficient to establish proximate cause. *Goggin v. Goldman*, 209 Ga. App. 251, 253 (433 SE2d 85) (1993); see also *Grantham v. Amin*, 221 Ga. App. 458 (471 SE2d 525) (1996) (expert's statement that negligence "could have been a significant contributing cause" of

---

[1] In a prior appeal, we reversed the trial court's determination that the hospital could not be liable for the doctor's negligence. See *Abdul-Majeed v. Emory Univ. Hosp.*, 213 Ga. App. 421 (445 SE2d 270) (1994).

death was not sufficient). Certainty is not required, but the plaintiff must show a *probability* rather than merely a *possibility* that the alleged negligence caused the injury or death. See *Hawkins v. Greenberg*, 166 Ga. App. 574, 577 (1) (a) (304 SE2d 922) (1983) (expert's testimony that injury was "most likely" caused by alleged negligence was sufficient).

Plaintiff contends summary judgment is inappropriate because her expert in his affidavit stated his opinion, "based on reasonable medical certainty," that defendant's negligence proximately caused the decedent's death. This testimony must be disregarded because it was flatly contradicted, without explanation, in the expert's subsequent deposition. See *Ford v. Dove*, 218 Ga. App. 828, 829 (1) (463 SE2d 351) (1995). Moreover, we note that although we have frequently used the phrase "reasonable medical certainty," see *Goggin*, 209 Ga. App. at 253, it is neither magic nor particularly helpful. Cf. *Lee v. Satilla Health Svcs.*, 220 Ga. App. 885, 887 (2) (470 SE2d 461) (1996) (expert's testimony that he strongly believed proper treatment would have made a difference was sufficient, even though he was not willing to say it was a "reasonable medical certainty" because it could not be proved by scientific data). What courts and juries need from medical experts is not a simple recitation of these words, but a realistic assessment of the likelihood that the alleged negligence caused the injury or death.

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED MARCH 4, 1997 —
RECONSIDERATION DENIED MARCH 20, 1997 —

*S. Ralph Martin, Jr., Franklin N. Biggins*, for appellant.

*Jennings & Sparwath, Stephen H. Sparwath, Allen & Peters, Jonathan C. Peters, Bradley C. Reeves, Michael D. Flint, Long, Weinberg, Ansley & Wheeler, Paul L. Weisbecker*, for appellees.