## A98A0338. SPARTI v. JOSLIN.
(496 SE2d 490)

Birdsong, Presiding Judge.

Appellant Dr. John G. Sparti appeals from an order confirming a foreclosure sale of property. He enumerates four errors. *Held*:

1. Appellant contends the trial court erred in allowing appellee/plaintiff Dennis Joslin to proceed in this action without admissible proof that he had been assigned the rights to confirm the sale and seek a deficiency judgment. An application for confirmation of a foreclosure sale of subject property initially was filed by FDIC. The trial court entered an order filing the confirmation and appellant/defendant timely answered. Subsequently, appellee filed a motion for substitution of party on the grounds that he had purchased this account from FDIC and that the claim had been assigned to him. The record reflects that the motion for substitution was unopposed; the trial court granted the motion.

OCGA § 44-14-161 (a) places the responsibility for commencement of the confirmation proceeding upon the person instituting the foreclosure proceedings. FDIC commenced this proceeding as required by statute. A petition for confirmation is not a civil suit in the ordinary meaning of that term but only an application to the judge of the superior court. *Vlass v. Security Pacific &c. Bank*, 263 Ga. 296 (1) (430 SE2d 732). The issue whether appellee was a real party in interest is not relevant to this confirmation proceeding, which was commenced in accordance with OCGA § 44-14-161 (a) by the person instituting the foreclosure proceedings. "The only purpose of the confirmation statute is to subject the creditor's potential deficiency claim 'to the condition that the foreclosure sale under power be given by judicial approval.' [Cit.]" *Vlass*, supra at 297 (1). "The confirmation proceeding is a statutory proceeding which by law determines only that the sale was properly advertised and brought the fair market value of the land." *Harris & Tilley, Inc. v. First Nat. Bank &c.*, 157 Ga. App. 88, 91 (5) (276 SE2d 137); compare *Guthrie v. Bank South &c.*, 195 Ga. App. 123, 126-127 (393 SE2d 60) (two judge special concurrence in a panel case) (contention that lack of proof of assignment of security deed to appellee could not be considered in a confirmation proceeding); but compare *Guthrie*, supra at 124 (2) (one judge majority; physical precedent only) (even if failure to prove assignment of security deed were a proper issue for confirmation proceeding, issue was waived by failure to raise in a timely and proper manner). Appellant's enumeration, as crafted, is without merit.

Assuming arguendo that the issue of assignment *had been* a proper matter for judicial resolution at a confirmation hearing, appellant waived that issue by failing to timely file opposition in proper form to the motion for substitution of appellee as party plain-

tiff. Compare *Guthrie,* supra at 124 (2) (physical precedent only). In this State, " '[a] party cannot during the trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later.' " *Bolden v. Carroll,* 239 Ga. 188, 189 (1) (236 SE2d 270).

2. Appellant's contention that the trial court erred in finding that the notice was properly advertised because the last advertisement was not distributed to the public as a whole is without merit. The parties duly stipulated that: " 'The F.D.I.C. advertised the sale of the property in [T]he Dallas News Era as published on June 10, 17, 24 and July 1, 1993.' " An attorney for FDIC testified that FDIC advertised the sale of the property in the manner authorized by the power of sale and that the advertisement was published in The Dallas News Era on the above dates. The attorney further testified that he had personal knowledge of these facts and that he caused the advertisement to be placed and published. Plaintiff's Exhibit 5 contains an affidavit of publication and that the referenced advertisement ran for four weeks in The Dallas News Era, on said dates, and that The Dallas News Era is the *official legal organ* of Paulding County, and appellant does not contest this fact. Further, the page in the record cited in appellant's brief does not support his contention that the July publication in The Dallas News Era was not distributed to the public as a whole. Although the question was posed to an FDIC witness whether the last advertisement in the paper was delivered only, simply mailed out, and not distributed to the public on the street, no answer was obtained to that question. We are unaware of any place in the trial transcript or record where this particular issue was addressed and any affirmative evidence attained thereto. " ' "The burden is upon the party alleging error to show it affirmatively by the record." ' " *Armech Svc. Co. v. Rose Elec. Co.,* 192 Ga. App. 829, 830 (1) (386 SE2d 709). Moreover, it is not the function of an appellate court to cull the record in search of error on behalf of a party (*Manderson &c. v. Gore,* 193 Ga. App. 723, 733 (8) (389 SE2d 251)) and we decline to depart from this sage practice now. Nor can appellant establish the facts necessary to support his contention merely by recitation of factual allegations in his brief that are unsupported by the record. *Behar v. Aero Med. Intl.,* 185 Ga. App. 845 (1) (366 SE2d 223).

Additionally, OCGA § 9-13-140 does not require that the advertisement be circulated to the public "as a whole." In fact, OCGA § 9-13-142 provides inter alia that a journal or newspaper cannot be made the official organ of any county for publication of official or legal advertising "unless the newspaper shall have been continuously published and *mailed or delivered to a list of paid bona fide subscribers* in that county . . . and unless 85 percent of the circulation of the newspaper or journal is paid circulation." (Emphasis supplied.) Con-

struing these two in pari materia statutes, we find there exists no requirement that a journal or newspaper must in fact be distributed to the public "as a whole," in the context here asserted by appellant, in order for the advertisement to be deemed sufficiently and legally published. This enumeration of error is without merit.

3. Appellant asserts the trial court considered matters outside the record to support its finding that the property was sold at fair market value, and that there exists insufficient competent and credible evidence of record to support the finding.

(a) On appeal the evidence must be viewed in the light most favorable to support a judgment or verdict. *In the Interest of E. P. N.*, 193 Ga. App. 742, 747 (2) (388 SE2d 903). Determining witness credibility and weighing evidence are not appellate court functions *(Horney v. Lawrence*, 189 Ga. App. 376, 378 (3) (375 SE2d 629)); it is our function to test for evidence sufficiency. There exists sufficient evidence to support the findings of the trial court that the property sold for its fair market value of $71,700. The evidence as to the fair market value of this property was, as would be expected, in conflict. Evidence exists that on behalf of FDIC a state licensed appraiser appraised the property on June 26, 1993 for $71,700 and reappraised the property as having a value of only $64,000 as of July 1, 1993 (This appraiser gave detailed testimony as to the deteriorated condition of the interior of both the house and the building). Appellant's state licensed appraiser, who had not been inside the building and house but had taken pictures through the windows of these structures, appraised the property as having a value, as of July 6, 1993, in the amount of $158,000. Value on the date of sale is a factual question to be resolved by the trior of fact. *Thompson v. Maslia*, 127 Ga. App. 758, 764 (195 SE2d 238). In a proceeding for confirmation of a foreclosure sale of real property, "[t]he judge sits as a trior of fact, and his findings and conclusions have the effect of a jury verdict. 'Where the trial judge, sitting as the trior of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cits.]' [Cit.] What value is, or may have been, is a question of fact to be resolved as others are. In so doing the trior of fact (here the judge) is the judge of the credibility of the witnesses and of the weight to be given the evidence." Id. at 764.

(b) Appellant also contends the following findings in the trial court's order, signed and filed on August 6, 1997, were based on information outside the trial record: "For many years, both the building and house have been mainly vacant. The building was last occupied several years ago as a restaurant. The house was last used as a residence even longer ago." Appellant asserts that the only evidence as to the vacancy of these premises was obtained from the appellee's

appraiser who testified that the property had only been vacant for several months before the appraisal; this fact is also contained in the November 30, 1995 appraisal of the appellee's appraiser, admitted in evidence at Exhibit P-13, which determined the fair market value of the property as of July 1, 1993. The exhibit further reveals that the building was designed as a small community hospital but had last been used as a restaurant. Additionally, appellant contends there exists no evidence of record to support the trial court's finding that "West Memorial Drive ceased being a major highway when U.S. 278 was rerouted to a four lane highway half a mile away." In this regard, appraisal Exhibit P-13, states: "The subject [property] is not in a high volume traffic area suitable for new commercial development." The same information as to property vacancy, last use of the property and that the property was not located in a high volume traffic area also was contained in another appraisal by the same appraiser, appraising the fair market value of the property as of June 1992. An appraiser for appellant testified that the building was last used as a restaurant. Appellant's appraiser also identified pictures, which he had taken of the property in February 1994; pictures of the interior of the building, Exhibit D-4, reveal a condition therein from which it could reasonably be inferred that the building was vacant at that time.

It is clear from the record that there exists affirmative evidence of record that the building and the house both were vacant, the house had last been used as a residence, the building had last been used as a restaurant, and that these properties were not situated by a high volume traffic area. Further, the trial court, as finder of fact, was entitled to rely and utilize the presumption of continuity (see generally *Esco v. Jackson*, 185 Ga. App. 901, 906 (366 SE2d 309) and progeny) in its conclusion that the building and house both had remained vacant for several years. The dates the vacant property was examined, as reflected in the various appraisal reports and the date the appellant's appraiser took pictures of the interior of the building, establish that the property was vacant on those occasions; the trial court could properly apply the rebuttable presumption of continuity to conclude that both the house and the building had remained vacant from the first known period of vacancy to the date of his order.

The record, however, does not support the trial court's findings that the house had been vacant longer than the building or that West Memorial Drive had ceased to be a major highway upon the rerouting of U. S. 278. Applying the applicable test for judicial notice found in *Cole v. Cates*, 110 Ga. App. 820, 823 (1) (c) (140 SE2d 36), we conclude these particular facts are not subject to proof by judicial notice. Thus, it must be concluded that the trial court relied on information outside the record regarding these two matters. However, as the trial

record does support the findings that the property was not situated in a high volume traffic area and that both properties had been vacant for a number of years, we find it highly probable that this error did not contribute to the judgment of the trial court and that the error therefore was harmless. To obtain reversal on appeal both error and harm arising therefrom must be shown. *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510). Further, if prejudicial error had occurred, as here enumerated, the proper remedy would only have been to vacate the trial court's order and remand the case for its reconsideration without resort to matters outside the record. See, e.g., *Sizemore v. State*, 262 Ga. 214, 217 (416 SE2d 500).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 26, 1998.

Jack F. Witcher, for appellant.
Donald B. Kuperman, for appellee.