A97A2543. SANDERS et al. v. COWART et al.

(499 SE2d 103)

McMurray, Presiding Judge.

Brenda J. Sanders was dazed during an eye examination when Dr. Dennis Cowart's examination lamp collapsed on her head. Ms. Sanders went to a local hospital the next day, but was discharged after a hospital physician concluded that Ms. Sanders' skull was not damaged. Months later, Ms. Sanders went to Dr. Alfred Avery complaining of chronic headaches and other neurological problems. Dr. Avery concluded that Ms. Sanders' problems were consistent with "post-traumatic" nerve damage, which is "most likely secondary to a combination of a preexisting cervical degenerative disease and muscle spasm." After months of therapy and testing, Dr. Avery confirmed that Ms. Sanders suffers with "chronic degenerative disc disease in her neck" and discovered that she has "cerebral vascular insufficiency or the beginning of small strokes."

Ms. Sanders and her spouse, John D. Sanders, filed an action against Dr. Cowart, individually and d/b/a Bremen Eye Clinic, alleging that Dr. Cowart's negligence was a proximate cause of her neurological injuries. Dr. Cowart testified at a jury trial and admitted that he had problems with his examination lamp several months before it collapsed on Ms. Sanders. Dr. Cowart explained that a weak screw was the problem and that he mended this defect by periodically tightening the screw with a coin. The jury also heard Dr. Avery's deposition testimony that an injury at the base of Ms. Sanders' skull aggravated Ms. Sanders' degenerative disc disease and caused nerve damage which is the source of Ms. Sanders' pain. The jury, however, did not hear Dr. Avery's testimony that Ms. Sanders suffered several "small strokes." The trial court granted Dr. Cowart's motion in limine to exclude this evidence because Dr. Avery opined in his deposition that the vascular ruptures in Ms. Sanders' brain were probably not caused by the sort of trauma Ms. Sanders experienced at Dr. Cowart's eye clinic.

The jury returned a verdict for Dr. Cowart. This appeal followed the denial of the Sanderses' motion for new trial. *Held*:

1. The Sanderses challenge the trial court's exclusion of Dr. Avery's testimony regarding Ms. Sanders' "small strokes," arguing that the cause of these injuries should have been submitted to the jury because Dr. Avery admitted a possibility that these vascular ruptures may have been the result of the sort of trauma Ms. Sanders experienced at Dr. Cowart's eye clinic. This assertion is without merit because "a possibility that the alleged negligence caused [Ms. Sanders' 'small strokes'] is not sufficient to establish proximate cause. *Goggin v. Goldman*, 209 Ga. App. 251, 253 (433 SE2d 85) (1993); see also *Grantham v. Amin*, 221 Ga. App. 458 (471 SE2d 525) (1996)

(expert's statement that negligence 'could have been a significant contributing cause' of death was not sufficient). Certainty is not required, but the plaintiff must show a probability rather than merely a possibility that the alleged negligence caused the injury. . . . See *Hawkins v. Greenberg*, 166 Ga. App. 574, 577 (1) (a) (304 SE2d 922) (1983) (expert's testimony that injury was 'most likely' caused by alleged negligence was sufficient)." *Abdul-Majeed v. Emory Univ. Hosp.*, 225 Ga. App. 608 (484 SE2d 257). And contrary to the Sanderses' assertion in the case sub judice, this holding does not conflict with *Lee v. Satilla Health Svcs.*, 220 Ga. App. 885 (470 SE2d 461).

*Lee* is a misdiagnosis case where the issue of proximate cause was allowed to go to a jury even though, like in the case sub judice, the consequences of the defendant's alleged negligence were medically uncertain. But unlike the case sub judice, there was expert testimony in *Lee* indicating a detailed and articulate probability that the defendant's negligence exacerbated the plaintiff's injuries. In the case sub judice, Ms. Sanders' physician, Dr. Avery, explained why such probabilities do support a conclusion that Ms. Sanders' vascular problems were not caused by the sort of trauma she experienced at Dr. Cowart's eye clinic. He testified that only obvious cranial swelling, unlike that suffered by Ms. Sanders, could have caused the vascular ruptures that were discovered in Ms. Sanders' brain. Dr. Avery testified that "[t]he role that [Ms. Sanders'] head trauma probably played was to bring her to medical attention because of exacerbation of symptoms of her chronic degenerative disc disease in her neck." These circumstances demonstrate that the Sanderses failed to carry their burden of proof regarding the proximate cause of Ms. Sanders' "small strokes." See *Goggin v. Goldman*, 209 Ga. App. 251, 253, supra. Accordingly, the trial court did not err in granting Dr. Cowart's motion in limine.

2. The Sanderses contend Dr. Cowart's admission that he did not have his examination lamp professionally repaired when he first learned that it was defective (several months before it fell on Ms. Sanders) demands a verdict in their favor. This assertion is without merit.

" 'A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict.' (Citations, punctuation and emphasis omitted.) *Estfan v. Poole*, 193 Ga. App. 507, 509 (1) (c) (388 SE2d 373). 'On appeal, this court must construe the evidence most strongly to support a verdict and judgment, (cit.), and every presumption and inference must be in favor thereof.' *In the Interest of E. P. N.*, 193 Ga. App. 742, 747 (2) (388 SE2d 903). Further, it is not the function of an appellate court to weigh the evidence or to judge witness credibility

(*Horney v. Lawrence*, 189 Ga. App. 376, 377 (3) (375 SE2d 629)); the jury resolves conflict in testimony and this court will not substitute its judgment for that of the jury. *Dade v. Dade*, 213 Ga. 533 (1) (100 SE2d 181)." *Peters v. Davis*, 214 Ga. App. 885 (1) (449 SE2d 624). In the case sub judice, there is no indication that Dr. Cowart's efforts to maintain his examination lamp were unreasonable, as a matter of law. But even assuming otherwise, the evidence does not demand a finding that such negligence was a proximate cause of Ms. Sanders' neurological difficulties. The jury may have totally disregarded the Sanderses' evidence regarding the consequences of the examination lamp's impact on Ms. Sanders' head.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 17, 1998.

*Evan L. Stapler*, for appellants.
*Tisinger, Tisinger, Vance & Greer, Brian L. Howell*, for appellees.