## A98A1765. HERR v. WITHERS.
(515 SE2d 174)

Judge Harold R. Banke.

After a rear-end collision, James D. Herr sued Bridget L. Withers, alleging negligence. When the jury awarded Herr $10,000, approximately $3,000 less than his claimed special damages, he initiated this appeal. In his sole enumeration, Herr contends the trial court erred in instructing the jury that to recover, he had to establish within a reasonable degree of medical certainty that the injury was the result of Withers' negligence.

The evidence on Herr's damages was hotly contested, primarily because the parties disputed whether a preexisting jaw problem necessitated Herr's extensive dental work. Besides a neck sprain which was admittedly resolved after fifteen physical therapy sessions, Herr claimed that the collision caused jaw pain requiring forty-two visits to his dentist and eight crowns as well as permanent weakness to the lower left side of his face. Herr's internist testified that the facial weakness was the result of a central seventh nerve palsy caused by head trauma. Herr's dentist testified that the accident injured a joint in Herr's jaw and required crowns to allow him to bite. Withers' experts vigorously disputed Herr's claim that the accident

caused his oral problems with proof that he had preexisting bite abnormalities. They also testified that trauma did not cause the facial weakness. The record showed Herr had a history of jaw complaints going back to September 1980.

At the close of the evidence, the trial court instructed the jury

that in considering expert medical testimony a verdict cannot be formed on speculation or mere possibilities. In order for a plaintiff to recover damages for an injury arising from the negligence of another, it must be shown within a reasonable degree of medical certainty that the injury was the result of the defendant's negligence. Speculation and possibilities are to be disregarded.

Herr objected, arguing that the charge incorrectly stated that "a reasonable degree of medical certainty" was the standard of proof for proximate causation. He maintained that the proper standard was a reasonable degree of medical probability. *Held*:

Without question, the standard of proof required to establish that an injury resulted from a defendant's negligence is a preponderance of the evidence. *Patillo v. Thompson*, 106 Ga. App. 808, 811 (3) (128 SE2d 656) (1962). Unquestionably, that well-recognized standard for civil cases is not the functional equivalent of requiring certainty. *Sanders v. Cowart*, 231 Ga. App. 303, 304 (1) (499 SE2d 103) (1998); see *Abdul-Majeed v. Emory Univ. Hosp.*, 225 Ga. App. 608-609 (484 SE2d 257) (1997); *Maurer v. Chyatte*, 173 Ga. App. 343, 344-345 (3) (326 SE2d 543) (1985); OCGA § 24-1-1 (5); compare *Goggin v. Goldman*, 209 Ga. App. 251, 253 (433 SE2d 85) (1993) (although medical malpractice actions require proof of causation to a reasonable degree of medical certainty, in negligence cases, as here, the proper standard is a preponderance of the evidence). To the extent that the charges in *Leslie v. Williams*, 235 Ga. App. 657, 659 (2) (510 SE2d 130) (1998); *Johnson v. Cooper*, 234 Ga. App. 753, 756-757 (2) (507 SE2d 559) (1998); *Royal v. Davis Hauling Co.*, 164 Ga. App. 409, 410 (2) (297 SE2d 333) (1982)[1] and *Womack v. St. Joseph's Hosp.*, 131

---

[1] In *Royal*, the court charged as follows:

"[I]f you believe that from the evidence adduced that the cause of any injury or medical condition which may have been suffered by the plaintiff cannot be determined with certainty, but that it is a matter of speculation or conjecture, then in that event you would not be authorized to find a verdict against the defendants in any amount. And in such instance it would be your duty to return a verdict in favor of the defendant(s,) it being absolutely necessary for the plaintiff in order to recover damages from the defendants to show by a legal preponderance of the evidence that the loss complained of was proximately caused by the negligence of the defendants. In this connection I further instruct you that the law does not permit you to speculate or to guess about the existence of either the negligence or the injury claimed."

Ga. App. 63, 65 (4) (205 SE2d 72) (1974), may hold otherwise, they are disapproved.[2]

We take issue with the dissent's contention that we have indiscriminately commingled malpractice and negligence law. On the contrary, we have carefully differentiated the case law to make abundantly clear that the "reasonable degree of medical certainty" language should never be injected into a charge on causation in an ordinary negligence action.

Further, the dissent has overlooked the well-settled legal principle that reversal requires both harm and error. *Sparti v. Joslin*, 230 Ga. App. 346, 350 (3) (b) (496 SE2d 490) (1998); *Gantt v. Bennett*, 231 Ga. App. 238, 242 (3) (499 SE2d 75) (1998). Despite the error in the charge, Herr won his case. The jury awarded him most, if not all, of the damages he proved. "Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence." (Punctuation omitted.) *Johnson v. Cooper*, 234 Ga. App. at 753.

Here, construing the evidence in the light most favorable to the prevailing party, as we must, we find the evidence of damages supports the $10,000 award. *Johnson v. Cooper*, 234 Ga. App. at 753. At trial, Herr presented documentation of approximately $10,885.26 in medical specials.[3] Of these expenses, $7,266.38 were for the controversial dental work. Thus, the jury's award may cover this expense in its entirety notwithstanding the facts that Herr did not seek treatment for his jaw problem until almost four months after the accident and both Herr and his dentist admitted that Herr had received treatment on his jaw for essentially the same condition before the accident.

Herr's documentation of his lost wages was even less precise. See *Super Discount Markets v. Coney*, 210 Ga. App. 659, 660 (2) (436 SE2d 803) (1993) (proof of lost wages must be "reasonably certain" and not speculative). He presented no tax returns. Instead, he testified that he averaged about $315 per week "or so" and missed work 47 days. However, after the first week, the days were nonconsecutive. *Keplinger v. Cook*, 115 Ga. App. 540, 541-542 (1) (154 SE2d 765) (1967). Herr offered no proof that each absence was accident-related.

---

Id. at 410 (2).

[2] The trial court's reliance on *Womack*, the sheer number of appeals involving similar charges, and the very existence of this appeal refute the dissent's contention that such disapproval is unnecessary.

[3] Because some of the documentation is illegible, we cannot set the exact amount with certainty. We subtracted a bill for $130 incurred in October 1995 (the collision occurred in June 1992) for an office visit at Mulberry Medical Associates, P.C. which involved a urinalysis and CBC.

Even so, assuming they were, it is impossible to discern whether the verdict included all or part of the lost wages claim. At trial, Herr explicitly abandoned his request for future medical costs and lost wages.

Given the incomplete and controverted evidence, particularly that undermining Herr's credibility and that offered to prove lost wages, we must conclude that the verdict was within the range of the evidence. *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287, 288 (1) (342 SE2d 760) (1986). "We decline to substitute our judgment based upon a cold record for that of enlightened jurors who heard the evidence and saw the witnesses." (Punctuation omitted.) *Annis v. Tomberlin & Shelnutt Assoc.*, 195 Ga. App. 27, 32 (4) (392 SE2d 717) (1990). The $10,000 award was sufficiently commensurate with the proof of damages to preclude Herr from satisfying his burden of establishing the requisite harm. *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. at 288 (1).

This ruling renders moot Withers' motion to strike.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur. Blackburn, J., concurs specially. Johnson, C. J., Andrews and Smith, JJ., concur in the judgment only. Pope, P. J., Beasley, P. J., and Ruffin, J., dissent.*

BLACKBURN, Judge, concurring specially.

While I concur fully in the majority's opinion, I write specially to point out that the jury in this case found in favor of the plaintiff despite the fact that the trial court improperly placed a higher burden of proof on him with regard to liability.

> [I]t has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance.

*Maloy v. Dixon*, 127 Ga. App. 151, 155-156 (2) (b) (193 SE2d 19) (1972). In this case, the erroneous charge related only to the issue of liability, not damages. As such, Herr, who received a jury verdict in his favor, was not harmed by the court's erroneous charge. *Marek Interior Systems v. White*, 230 Ga. App. 518 (496 SE2d 749) (1998), cited by the dissent, does not change this outcome because there, unlike here, the plaintiff did not receive a verdict in its favor. As such, *Marek* is distinguishable from this matter.

While it is probably not necessary to overrule the cases cited by the majority, it would clarify the law and reduce future appeals to do

so. What we really have is a semantic question, as "a reasonable degree of medical certainty," is that it is "more likely than not" that the condition sought to be proven resulted from the subject incident.

It serves no purpose to reverse the case because the charge imposed a higher burden than the plaintiff actually had as to liability where the jury finds that the higher burden has been met. To do so would be to return the case to the trial court for another jury to determine whether or not the plaintiff can meet the lower burden. The damages award is unaffected by the charge in this case. *Hawkins v. Greenberg*, 166 Ga. App. 574, 577 (1) (a) (304 SE2d 922) (1983).

POPE, Presiding Judge, dissenting.

I respectfully dissent. Although I agree with the majority that the charge was erroneous, I do not agree that the error was harmless. Additionally, I disagree with portions of the majority's analysis.

As the majority correctly points out, the standard of proof required to establish that an injury resulted from a defendant's negligence is a preponderance of the evidence. *Estate of Patterson v. Fulton-DeKalb Hosp. Auth.*, 233 Ga. App. 706, 708 (2) (505 SE2d 232) (1998). "Preponderance of [the] evidence means that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." (Punctuation omitted.) Id. See also OCGA § 24-1-1 (5).

As the majority also correctly concludes, the court erred in charging the jury that the plaintiff was required to show "within a reasonable degree of medical certainty that the injury was the result of the defendant's negligence." It is improper to charge in a civil case that proof must establish the contention to a certainty. See, e.g., *Masonic Relief Assn. v. Hicks*, 47 Ga. App. 499, 500 (3) (171 SE 215) (1933); *Youmans v. Moore*, 11 Ga. App. 66 (2) (74 SE 710) (1912). In this connection, OCGA § 24-4-4 sets forth guidelines for determining where preponderance of evidence lies.

I agree with the majority that to the extent that *Johnson v. Cooper*, 234 Ga. App. 753, 756 (2) (507 SE2d 559) (1998), and *Royal v. Davis Hauling Co.*, 164 Ga. App. 409, 410 (2) (297 SE2d 333) (1982), indicate that causation must be proved with *certainty*, the charges at issue were incorrect.[4] Although the charge in *Womack v. St. Joseph's Hosp.*, 131 Ga. App. 63, 65 (4) (205 SE2d 72) (1974), was incorrect, the court resolved the issue in *Womack* on the basis of appellant's

---

[4] Nevertheless, the arguments raised by the appellants in *Johnson* and *Royal* did not address the burden of proof, and thus this court did not directly address this issue. Thus, I do not think that it is necessary to disapprove or overrule the cases.

inadequate objection, and no disapproval of *Womack* is necessary here.

Despite my agreement with the majority's position that the charge was erroneous, I am troubled by the majority's indiscriminate treatment of medical malpractice and ordinary negligence cases. Although, as the majority notes, the court in *Estate of Patterson v. Fulton-DeKalb Hosp. Auth.* discussed the standard of preponderance of the evidence, that case was one for medical malpractice. In that context, this court stated that "reasonable medical probability" has no greater meaning than a preponderance of the evidence. Nonetheless, it is important to note that the issue in *Patterson* was whether the medical testimony of plaintiff's medical expert was sufficient evidence of causation to withstand the motion for summary judgment. The question at issue in *Patterson* as to whether the plaintiff's expert's assertion was legally sufficient to establish causation differs from the question before us in this ordinary negligence case. For this reason, the majority's reliance on various medical malpractice cases appears misplaced.

The trial court's erroneous charge incorrectly stated Herr's burden of proving damages and was harmful. See generally *Marek Interior Systems v. White*, 230 Ga. App. 518, 521 (3) (496 SE2d 749) (1998). "Where the material issues are close, under the evidence, such erroneous instruction requires a new trial." *Youmans*, 11 Ga. App. at 66 (2). Here, the majority concedes that the damages were "hotly contested," primarily because the parties disputed whether a preexisting jaw problem necessitated Herr's extensive dental work. Moreover, the majority notes that Withers' experts vigorously disputed Herr's claim that the accident caused his oral problems with proof that he had preexisting bite abnormalities. Those experts also testified that trauma did not cause the facial weakness. The jury's verdict was about $3,000 less than Herr's special damages. In light of the conflicting evidence regarding Herr's damages in this case, we cannot conclude that the significantly erroneous charge on the burden of proving those damages was harmless. The charge was fundamental to Herr's case, and accordingly, the error therein was harmful.

I am authorized to state that Presiding Judge Beasley and Judge Ruffin join in this dissent.

BEASLEY, Presiding Judge, dissenting.

I concur fully in the dissent but wish to point out the following with respect to this Court's jurisdiction of the appeal.

The verdict in this case was for $10,000. Accordingly, the judgment is for $10,000 plus, as usual, costs. Herr took a direct appeal from the judgment and denial of the motion for new trial. OCGA § 5-

6-35 (a) (6) requires the discretionary appeal procedure to be followed for "[a]ppeals in all actions for damages in which the judgment is $10,000.00 or less."

*Castleberry's Food Co. v. Smith*, 205 Ga. App. 859, 861 (1) (424 SE2d 33) (1992), construed the statutory directive and held that "for establishing jurisdiction pursuant to OCGA § 5-6-35 (a) (6), a judgment is comprised of principal, plus costs, plus interest at the legal rate accrued from the date of the filing of the judgment until the date of the filing of the notice of appeal." That means that whenever appeal is sought from a judgment in the neighborhood of $10,000, the court will have to be apprised of the amount of the costs and the amount of interest to the date the notice of appeal happens to be filed within a 30-day period. I presume it will be appellant's burden to prove this so as to establish the jurisdictional threshold for the direct appeal.

That is problematic, as jurisdiction will in some instances rest on the date the appeal notice is filed and not, cleanly, on the amount of the jury's verdict reduced to judgment. To be safe, a proposed appellant will have to file both an application and a notice of appeal to leave both routes open in the event the calculations are wrong.

DECIDED MARCH 19, 1999 —
RECONSIDERATION DENIED APRIL 1, 1999 — 

*Hyatt & Hyatt, John M. Hyatt*, for appellant.
*Bovis, Kyle & Burch, John H. Peavy, Jr.*, for appellee.