A01A1931. THOMPSON v. ZWIREN et al.
(561 SE2d 493)

ELDRIDGE, Judge.

Tracee Thompson, plaintiff, received an adverse verdict in her medical malpractice suit against Jeffrey D. Zwiren, M.D., and Prima Center for Plastic Surgery, P.C., and contends that the timely objected-to jury charge, "plaintiff must present expert medical testimony showing that within a reasonable degree of medical certainty as proven by a preponderance of the evidence that the injury in question was proximately caused by the negligence of the defendant," was harmful error. Plaintiff moved for a new trial setting out the objected-to charge as a special ground, and the trial court denied the motion for a new trial on this ground. While in a medical malpractice case the burden of proof of proximate cause is by a preponderance of the evidence and while "reasonable degree of medical certainty" and "reasonable degree of medical probability" are not interchangeable terms, the use of "medical certainty" was harmful error.

1. Plaintiff contends that the trial court erred in charging on "reasonable degree of medical certainty" instead of reasonable degree of medical probability. We agree.

Plaintiff relies on *Herr v. Withers*, 237 Ga. App. 420, 421-422 (515 SE2d 174) (1999), an ordinary negligence case not involving medical malpractice, where this Court held:

> Without question, the standard of proof required to establish that an injury resulted from a defendant's negligence is a preponderance of the evidence. [Cit.] Unquestionably, that well-recognized standard for civil cases is not the functional equivalent of requiring certainty. [Cits.]; compare *Goggin v. Goldman*, 209 Ga. App. 251, 253 (433 SE2d 85) (1993) (although medical malpractice actions require proof of causation to a reasonable degree of medical certainty, in negligence cases, as here, the proper standard is a preponderance of the evidence).

Id. at 421. See also *Maurer v. Chyatte*, 173 Ga. App. 343, 344-345 (3) (326 SE2d 543) (1985) (motor vehicle collision with injuries). In holding that this charge is not appropriate, this Court went on to disap-

prove four opinions in ordinary negligence cases, which charged on "medical certainty" as to the proximate cause of injuries and which were not medical malpractice cases.[1] In the opinion, this Court cited favorably *Goggin v. Goldman*, supra, which was a medical malpractice case and which was not disapproved, as were the nonmalpractice cases, but did not involve a jury charge. *Goggin v. Goldman*, supra, affirmed the denial of a directed verdict holding:

> Negligence alone is insufficient to sustain recovery. It must be proven that the injury complained of proximately resulted from such want of care or skill. A bare possibility of such result is not sufficient. Additionally, there can be no recovery for medical negligence involving an injury to the patient where there is no showing to any reasonable degree of medical certainty that the injury could have been avoided.

(Citations and punctuation omitted.) Id. at 252-253.

> The standard of proof in a civil case, even a medical malpractice action, is by a preponderance of the evidence. Preponderance of evidence means that superior weight of evidence upon the issues involved, which, while not enough to free the mind wholly from a reasonable doubt, is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other. Thus, reasonable medical probability has no greater meaning than a preponderance of the evidence, and the standard of proof is preponderance of the evidence as to medical causation. "Moreover, we note that although we have frequently used the phrase 'reasonable medical certainty,' it is neither magic nor particularly helpful. What courts and juries need from medical experts is not a simple recitation of these words, but a realistic assessment of the likelihood that the alleged negligence caused the injury or death." *Abdul-Majeed [v. Emory Univ. Hosp.*, 225 Ga. App. 608, 609 (484 SE2d 257) (1997), over-

---

[1] In *Herr v. Withers*, supra at 421, the use of a jury charge in a personal injury action that stated, "that in considering expert medical testimony a verdict cannot be formed on speculation or mere possibilities. In order for a plaintiff to recover damages for an injury arising from the negligence of another, it must be shown within a reasonable degree of medical certainty that the injury was the result of the defendant's negligence. Speculation and possibilities are to be disregarded," was disapproved. (Punctuation omitted.) See *Leslie v. Williams*, 235 Ga. App. 657, 659 (2) (510 SE2d 130) (1998) (automobile collision); *Johnson v. Cooper*, 234 Ga. App. 753, 756-757 (2) (507 SE2d 559) (1998) (same); *Royal v. Davis Hauling Co.*, 164 Ga. App. 409, 410 (2) (297 SE2d 333) (1982) (eye injury from windshield glass broken by flying gravel); *Womack v. St. Joseph's Hosp.*, 131 Ga. App. 63, 65 (4) (205 SE2d 72) (1974) (fall in hospital tub because of defective grab bar).

ruled in part on other grounds, *Ezor v. Thompson*, 241 Ga. App. 275, 279 (526 SE2d 609) (1999)].

(Citations and punctuation omitted.) *Estate of Patterson v. Fulton-DeKalb Hosp. Auth.*, 233 Ga. App. 706, 708 (2) (505 SE2d 232) (1998). See also *Pilzer v. Jones*, 242 Ga. App. 198, 201 (1) (529 SE2d 205) (2000); *Sanders v. Cowart*, 231 Ga. App. 303, 304 (1) (499 SE2d 103) (1998). None of these medical malpractice cases involved a jury charge containing "medical certainty"; however, there exists no reason why the same requirements as to a jury charge as to standard of proof of causation should not apply in medical malpractice cases as in all other personal injury actions.

In medical malpractice cases, "causation issues can be resolved only by expert medical testimony, standing alone; in which case the testimony sufficient to establish a causal connection must at least show there was a reasonable probability that the negligence caused the injury." (Citations omitted.) *Pilzer v. Jones*, supra at 201 (1). "Certainty is not required, but the plaintiff must show *probability* rather than merely a *possibility* that the alleged negligence caused the injury or death." (Emphasis in original.) *Abdul-Majeed v. Emory Univ. Hosp.*, supra at 609.

The charge given in this case, "within a reasonable degree of medical certainty as proven by a preponderance of the evidence that the injury in question was proximately caused," is inconsistent and self-contradictory with the burden of proof in civil cases, because it appears to require a higher degree of proof, certainty, i.e., absence of doubt instead of a reasonable degree of medical probability by a preponderance of evidence. See *Abdul-Majeed v. Emory Univ. Hosp.*, supra. Webster's New World Dictionary (2nd ed.) defines certainty as "anything certain; definite fact — of a certainty [archaic] without a doubt." Black's Law Dictionary defines certainty as an "[a]bsence of doubt." Thus, to a juror, a charge containing an instruction that a jury decide proximate cause in a medical malpractice case based upon a reasonable degree of medical certainty mandates a greater standard of proof than a mere preponderance of evidence within a reasonable degree of medical probability. *Abdul-Majeed v. Emory Univ. Hosp.*, supra.

"A charge containing two distinct propositions conflicting the one with the other is calculated to leave the jury in such a confused condition of mind that they can not render an intelligible verdict, and requires the grant of a new trial." (Citations and punctuation omitted.) *Clements v. Clements*, 247 Ga. 787, 789 (2) (279 SE2d 698) (1981). Thus, we reverse, because the charge was harmful error.

2. Plaintiff's second enumeration of error was raised for the first

time on appeal and will not be considered. Further, Division 1 renders this enumeration moot.

*Judgment reversed. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED MARCH 12, 2002 — 

Peterson & Harris, Jim N. Peterson, Jr., for appellant.
Love, Willingham, Peters, Gilleland & Monyak, Robert P. Monyak, Anna B. Fretwell, for appellees.